IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUCHANAN COUNTY, MISSOURI, *et al.*, <br><br> Defendants. | Case No. 5:17-cv-06058-NKL |

**ORDER**

Defendants Buchanan County, Missouri, Natalie Bransfield, Brian Gross, Dan Hausman, Ron Hook, Jody Hovey, Dustin Nauman, Harry Roberts, and Mike Strong (the "Buchanan County Defendants") move to dismiss Count I of the Amended Complaint alleging wrongful death under Missouri law. Doc. 263. In response, plaintiffs Brenda Davis and Frederick Stufflebean move for leave to amend their First-Amended Complaint. Doc. 279. For the following reasons, the Court grants the Buchanan County Defendants' motion to dismiss with leave to amend.

**I.  Background**

In Count I of the Amended Complaint, Plaintiffs allege that the Buchanan County Defendants failed to provide Justin Stufflebean appropriate medical care during the three-day period he was incarcerated at Buchanan County Jail awaiting transfer to the Missouri Department of Corrections, resulting in his death. Doc. 78 (Amended Complaint), ¶¶ 78–82. Plaintiffs assert their claims against defendants Roberts, Hausman, and Hook in their official capacities, *id.* at ¶ 6.b, and defendants Strong, Hovey, Gross, Bransfield, and Nauman in their individual and official capacities, *id.* at ¶¶ 7.e, 8.d, 9.e, 10.d, 11.d.

On July 17, 2017, as part of its Rule 26 initial disclosures, Buchanan County produced insurance policy 791-00-02-72-0005 issued by Atlantic Specialty Insurance Company (the "Atlantic Specialty Policy"). Doc. 278 (Plaintiffs' Suggestions in Opposition to Buchanan County's Motion to Dismiss), p. 2; Doc. 278-1 (Atlantic Specialty Policy). The Atlantic Specialty Policy contains the following language, which has been recognized as preserving an entity's sovereign immunity[1]:

> We have no duty to pay damages on your behalf under this policy unless the defenses of sovereign and governmental immunity are inapplicable to you.
>
> This policy and any coverages associated therewith does not constitute, nor reflect an intent by you, to waive or forego any defenses of sovereign and governmental immunity available to any Insured, whether based upon statute(s), common law or otherwise, including Missouri Revised Statute Section 537.610 or any amendments; or Missouri Revised Statute Section 71.185 or any amendments.

Doc. 278-1, p. 2.

On September 26, 2017, defendant Advanced Correctional Healthcare ("ACH") made its Rule 26 disclosures, producing a declaration page which did not provide a policy number and contained no reference to additional insureds. Doc. 278-5 (Arch Insurance Declaration). On February 9, 2018, in response to Plaintiffs' first request for production of documents, Buchanan County again indicated that the Atlantic Specialty Policy was the only applicable insurance policy which might provide coverage. Doc. 278-2 (Buchanan County Responses and Objections to Plaintiffs' First Request for Production of Documents), p. 5.

On January 4, 2019, ACH produced insurance policy #UFL0059924-00 issued by Arch Specialty Insurance Company (the "Arch Policy"). Doc. 278-6 (ACH Arch Policy).

---

[1] *See, e.g.*, *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 841–42 (8th Cir. 2003); *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 372 (Mo. banc 2016).

On April 16, 2019, the Buchanan County Defendants filed a motion seeking partial dismissal of Count I of Plaintiffs' Amended Complaint, Doc. 78, as barred by sovereign immunity. Then on April 23, 2019, Buchanan County produced a certificate of liability insurance applicable from August 1, 2015 to August 1, 2016 ("Certificate"), pursuant to Plaintiffs' Sunshine Request. Doc. 278-9 (Certificate of Liability). The Certificate revealed the following coverage: Commercial General Liability coverage for $1,000,000 and Umbrella Liability coverage for $10,000,000 under policy #S1997699, issued by Selective Insurance Group, and "Medical Professional Liability including Civil Rights" coverage for $1,000,000 under policy #MM-825711, issued by Essex Insurance Company. *Id.* The Certificate stated that "Buchanan County, MO and the Sheriff of Buchanan County, MO are included as additional insured under the General Liability and Professional Liability coverage if required by contract in writing." *Id.*

On April 26, 2019, Buchanan County produced the Request for Proposal #13-0032 for Inmate Health Care Services ("RFP") pursuant to Plaintiffs' Sunshine Request. The RFP mandates that the successful vendor for inmate health care services, in this case ACH, provide a certificate of insurance showing a $10,000,000 umbrella liability policy and medical professional coverage of $5,000,000 per occurrence. Doc. 278-3 (RFP), p. 4, § 2.4. The contract between Buchanan County and ACH states:

> 5.11.4 ADDITIONAL INSUREDS. ACH agrees to name the SHERIFF and the COUNTY as an additional insured under the Commercial Automobile, Commercial General, and Professional Liability portions of insurance and provide the COUNTY with a Certificate of Insurance specific to correctional facilities evidencing the terms of the insurance coverage and policy limits.

Doc. 278-4 (ACH Contract), p. 11.

Thereafter, on April 30, 2019, Plaintiffs filed suggestions in opposition to the Buchanan County Defendants' motion to dismiss and simultaneously sought leave to amend their Amended Complaint to assert the insurance exception to sovereign immunity. Pursuant to the Scheduling

3

Order, the deadline to amend the pleadings was November 1, 2018. Doc. 243 (Third Amended Scheduling and Jury Trial Order), p. 2.[2]

## II. Discussion

The Buchanan County Defendants seek partial dismissal of Count I of Plaintiffs' Amended Complaint, Doc. 78, as a result of Plaintiffs' failure to plead facts showing that an exception to sovereign immunity applies. In response, Plaintiffs seek leave to amend their Amended Complaint to affirmatively allege the insurance exception to sovereign immunity.

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must construe the complaint "in the light most favorable to the plaintiff" and "assume that all the facts alleged in the complaint are true." *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1059 (8th Cir. 2003) (quotations omitted).

---

[2] On June 14, 2019, after both the Buchanan County Defendants' motion to dismiss and Plaintiffs' motion for leave to amend were fully briefed, the Buchanan County Defendants filed a supplemental notice of filing to amend their argument and provide a new supporting exhibit. Doc. 325 (Notice of Filing). Thereafter, the Court held a teleconference regarding the notice of filing and related motions and permitted Plaintiffs to file a supplemental response. Doc. 334 (June 18, 2019 Minute Entry); Doc. 341 (Plaintiffs' Supplemental Suggestions in Opposition to Buchanan County Defendants' Partial Motion to Dismiss). The Court considers these filings, and the arguments raised therein, in ruling on the Buchanan County Defendants' motion to dismiss and Plaintiffs' related motion for leave to amend.

The Buchanan County Defendants argue that Plaintiffs' wrongful death claims in Count I against Buchanan County, and the remaining Buchanan County Defendants in their official capacities, must be dismissed because the County is entitled to sovereign immunity.[3] Sovereign immunity remains the "general rule" in Missouri, protecting public entities from liability for state tort law claims unless a specific exception applies. *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. 2009); *Div. of Emp't Sec. v. Bd. of Police Comm'rs*, 864 F.3d 974, 981 (8th Cir. 2017) (stating that in the absence of one of the exceptions, sovereign immunity shields entities from a wrongful death claim). Because immunity is not an affirmative defense, it is Plaintiffs' burden to plead facts showing that an exception[4] applies. *Newsome v. Kansas City, Mo. Sch. Dist.*, 520 S.W.3d 769, 776 (Mo. 2017), *reh'g denied* (June 27, 2017) ("Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case. This is well settled." (quotations omitted)). It is uncontested that Plaintiffs failed to plead any such facts in the Amended Complaint. Doc. 278, p. 1 ("Plaintiffs did not plead the insurance exception to Sovereign immunity."). As a result, Plaintiffs have failed to state a claim for relief for wrongful death against Buchanan County. Thus, the Buchanan County Defendants' partial motion to dismiss is granted.

---

[3] A claim against any one of the individual Buchanan County Defendants in their official capacities is a claim against their employer, Buchanan County. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).

[4] Missouri law recognizes three such exceptions to sovereign immunity, including when: (1) a plaintiff suffers injury caused by a public employee's negligent operation of a motor vehicle during the course of employment, Mo. Rev. Stat. § 537.600.1(1); (2) a plaintiff suffers injury caused by a dangerous condition on public property, *id.* at § 537.600.1(2); and (3) a political subdivision purchases applicable liability insurance, *id.* at § 537.610.1. *Hammer*, 318 F.3d at 841.

However, Plaintiffs argue that the insurance exception to sovereign immunity applies and seek leave to amend their Amended Complaint to affirmatively assert it now. Thus, the question becomes whether dismissal or dismissal with leave to amend is the appropriate course of action.

**B.  Motion for Leave to Amend**

Plaintiffs seek leave to file a Second-Amended Complaint to allege that Buchanan County waived sovereign immunity by procuring insurance for the tort claims against it.[5] Sovereign immunity may be waived "when a political subdivision purchases liability insurance to cover tort claims . . . in the amount of and for the purposes covered by the insurance purchased." *Aldridge v. City of St. Louis, Mo.*, No. 4:18-CV-1677 CAS, 2019 WL 1695982, at *12 (E.D. Mo. Apr. 17, 2019) (citing Mo. Rev. Stat. § 537.610.1). Plaintiffs argue that ACH policy #UFL0059924-00, under which Buchanan County and its Sheriff are additional insured, "does not contain any language preserving sovereign immunity." Doc. 278, pp. 6–7. Plaintiffs also identify two additional policies identifying Buchanan County and its Sheriff as additional insured that "might provide coverage, but cannot be analyzed because neither Buchanan County nor ACH have ever mentioned or produced them": (1) the Selective Insurance Group policy #S1997699, including $1,000,000 in Commercial General Liability coverage and $10,000,000 in Umbrella Liability coverage and (2) the Essex Insurance Company policy #MM-825711 for $1,000,000 in Medical Professional Liability coverage. Doc. 279 (Plaintiffs' Motion for Leave to Amend), p. 2.

Because Plaintiffs' motion for leave to amend was filed outside of the Court's scheduling order, it requires a showing of "good cause" pursuant to Federal Rule of Civil Procedure 16(b)(4).

---

[5] In relevant part, Plaintiffs propose adding two paragraphs asserting that: "At all relevant times, Defendant[s] Buchanan County [and Strong] secured and had insurance coverage applicable to the tort claims asserted herein which did not preserve sovereign immunity." Doc. 279-4 (Proposed Second-Amended Complaint), ¶¶ 5(c) and 7(g).

*Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017). If good cause is shown, the Court then "considers the propriety of the amendment under Rule 15." *Commerce Bank v. U.S. Bank Nat'l Ass'n*, No. 4:13-CV-00517-BCW, 2016 WL 7043032, at *2–3 (W.D. Mo. June 23, 2016).

### 1. Rule 16

The "primary measure of good cause is the movant's diligence." *Kmak*, 873 F.3d at 1034 (quoting *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)). "Good cause" in this context requires a showing that, "despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Commerce Bank*, 2016 WL 7043032, at *2 (quotations omitted). It is most frequently established where amendment is predicated on a "change in the law," "newly discovered facts," or some "other changed circumstance." *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008).

Plaintiffs argue that the Court should grant leave to amend to plead the insurance exception to sovereign immunity because "[insurance] coverage for Buchanan County under the ACH policy could not be determined without the declarations pages," which were not produced until April 23, 2019 and April 26, 2019, well after the amendment deadline. Doc. 279, p. 3. The Buchanan County Defendants admit that while the declaration pages should have been identified and disclosed earlier, they were not. Doc. 288 (Buchanan County's Suggestions in Opposition to Plaintiffs' Motion for Leave to Amend), p. 4 ("Those two Declaration Pages should have been identified and disclosed, and counsel apologizes for failing to do so earlier."). Defendants do not otherwise suggest that Plaintiffs have lacked diligence or failed to establish the required good cause to amend. Thus, the Court turns to its consideration of the propriety of the proposed amendment under Rule 15. *See Commerce Bank*, 2016 WL 7043032, at *2–3.

### 2. Rule 15

The Buchanan County Defendants argue that Plaintiffs' motion for leave to amend should be denied because Plaintiffs' proposed amendments would be futile. *See Sherman*, 532 F.3d at 715 (noting that a court need not grant a party leave to amend where amendment would be futile). An amendment is futile if "the [proposed] amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

First, the Buchanan County Defendants argue that the insurance exception does not apply because "the insurance policy which Plaintiffs believe serves to waive sovereign immunity was <u>not</u> purchased by Buchanan County." Doc. 288, p. 5 (emphasis in original). The Buchanan County Defendants assert that "[i]f the Missouri General Assembly had intended that insurance policies purchased by third parties naming governmental entities as 'other insureds' could serve to waive sovereign immunity on behalf of those governmental entities, the legislature would have so stated." *Id.*

However, section 537.600 *et seq.* does not define "purchase," nor do the Buchanan County Defendants provide authority for the position that requiring a contractor to procure insurance coverage naming the County is not a "purchase" as contemplated by the statute. ACH's acquisition of insurance coverage for Buchanan County and its Sheriff as "additional insureds" was a condition of its contract with Buchanan County. Doc. 278-4, p. 11. The fact that ACH paid the premium does not negate the fact that Buchanan County acquired its interest as an "additional insured" in exchange for valuable consideration paid to ACH under their contract—the hallmark of "purchase" in numerous contexts. *See, e.g.*, *Becker Elec. Co. v. Dir. of Revenue*, 749 S.W.2d 403, 406 (Mo. 1988) ("Ordinarily, the word purchaser has two well defined meanings. It may be

employed in the broad sense to include anyone who obtains title otherwise than by descent and distribution. In its more commonly used and ordinarily accepted sense it refers to a vendee or buyer who has purchased property for a valuable consideration."); *see also Aldridge*, 2019 WL 1695982, at *13 (concluding plaintiff adequately pled that the City waived sovereign immunity under Mo. Rev. Stat. § 537.610.1 by obtaining insurance from or self-insuring through a separate entity, the Public Facilities Protection Corporation); *Wood v. Guilford Cnty.*, 546 S.E.2d 641, 645–46 (N.C. Ct. App. 2001), *affirmed in part and reversed in part on other grounds*, 558 S.E.2d 490 (N.C. 2002) (affirming denial of county's motion to dismiss based on immunity where the complaint alleged that the county entered into a contract with a third party requiring the third party to obtain a liability policy naming the county). Therefore, the Court cannot say on this record that Plaintiffs' amendment is futile. Plaintiffs have alleged that Buchanan County waived sovereign immunity because it had insurance coverage for the applicable tort claims, and the insurance did not preserve sovereign immunity. The mere fact that Buchanan County required a third party to make it an additional insured does not resolve the issue as a matter of law.

Next, the Buchanan County Defendants argue that the Arch Policy is not a waiver of sovereign immunity because the policy excludes Plaintiffs' claims. In support of this argument, the Buchanan County Defendants cite an endorsement to the Arch Policy, policy #UFL0059924-00, which states the following:

> **Blanket Additional Protected Persons.** Other individuals or organizations when require to be covered by written contract, agreement, or permit, provided the written contract, agreement or permit is executed prior to the "claim" being made or the "suit" being brought. Coverage is provided for them only for the work you performed or should have performed on their behalf. They will share in your limit of insurance for any covered "claim" or "suit". Damages paid on their behalf will reduce and may exhaust your limit of insurance under this policy.

Doc. 325-1 (Arch Policy Endorsement). Based on this endorsement, the Buchanan County

Defendants argue that the Arch Policy is inapplicable to Plaintiffs' claims because it "only extends coverage to Buchanan County and the Sheriff of Buchanan County for the work ACH performed or should have performed on their behalf" and "does not provide coverage for any work Buchanan County and the Sheriff of Buchanan County performed or should have performed." Doc. 325, p. 2.

However, Buchanan County hired ACH to carry out its non-delegable duty of providing health care to the detainees at the Buchanan County jail. Plaintiffs allege that the County was negligent in failing to: "communicate, supervise, provide necessities, [and] implement appropriate policies and procedures"; "assess Justin Stufflebean's current and continuing medical status while detained"; "assess Justin Stufflebean's chronic health conditions and appreciate[e] their risk to his health and life"; "plan appropriately in order to meet all health needs of Justin Stufflebean"; "evaluate the care or lack of care provided to Justin Stufflebean in order to make appropriate changes"; and "develop and implement a classification system that safeguarded Justin Stufflebean's medical conditions." Doc. 78, ¶ 79. Due to the contractual relationship between the County and ACH, it is plausible that ACH performed or should have performed some of these tasks on the County's behalf, resulting in coverage for Plaintiffs' claims under the Arch Policy.[6]

Lastly, the Buchanan County Defendants argue that the ACH umbrella policy "cannot cover [Plaintiffs'] claims because its coverage, which is $10 million, exceeds the allowable statutory caps." Doc. 288, p. 7. Under Missouri Revised Statute, section 537.610.1, the maximum

---

[6] It is unclear from the briefing whether the Buchanan County Defendants intended to withdraw their previous argument that policy #S1997699 excludes medical claims or merely to supplement that argument with their notice of filing. Doc. 325, p. 1 ("[U]ndersigned counsel realized that argument number 2, captioned, 'The Umbrella Policy Purchased by ACH Excludes Medical Claims,' as noted in Doc. Nos. 287 and 288, was incorrect and referred to the wrong exhibit."). But in either event, absent argument that the #MM-825711 policy is inapplicable to Plaintiffs' tort claims, the Court is unable to conclude that Plaintiffs' proposed amendments would be futile.

amount of coverage political subdivisions may purchase "shall not exceed two million dollars for all claims arising out of a single occurrence and shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence." However, case law suggests that sections 537.610.1 and .2 do not render void policies that are in excess of the statutory cap, but rather act to reduce an award of damages to the statutory cap. *See Newsome*, 520 S.W.3d at 781 (reducing award to 2014 adjusted limit for a single accident or occurrence ($403,139.00) in light of statutory cap, despite insurance policy in excess of statutory limits).

Accepting the proposed, amended allegations as true, and giving them the reasonable inferences that arise therefrom, Plaintiffs have adequately pled that Buchanan County has waived sovereign immunity under § 537.610.1 by obtaining insurance from or through ACH for the state law tort claims in this case.

## III. Conclusion

For these reasons, the Buchanan County Defendants' motion to dismiss, Doc. 263, is granted. However, Plaintiffs' motion for leave to amend, Doc. 279, is also granted. Plaintiffs are ordered to file their Second-Amended Complaint within seven days of the date of this Order.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 8, 2019
Jefferson City, Missouri