IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Brenda Davis | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Frederick Stufflebean | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs | ) | Case No.: **17-cv-06058-NKL** |
| | ) | |
| Buchanan County, Missouri, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND-AMENDED
COMPLAINT**

COMES NOW Plaintiff Brenda Davis by and through her attorneys William W. Bird and

Michelle Carpenter and Frederick Stufflebean, by and through his attorney Pamela K. Blevins,

and for their claims and causes of actions against defendants, Plaintiff state and allege as follows:

**PLAINTIFFS:**

1. Plaintiff Brenda Davis is the natural mother of the decedent Justin Stufflebean and is an
   individual citizen and resident of Buchanan County, Missouri.

2. Plaintiff Frederick Stufflebean is the natural father of the decedent Justin Stufflebean and
   is an individual citizen and resident of the state of Texas.

3. Pursuant to §537.080.1 RSMo., Plaintiffs Brenda Davis and Frederick Stufflebean are
   proper parties to bring this cause of action.

**JURISDICTION AND VENUE:**

4. The acts hereinafter mentioned giving rise to these causes of action all took place in
   Buchanan County, Missouri; the acts alleged herein against defendants are torts; the
   amount of damages claimed by Plaintiffs are in excess of $25,000.00.  Although

1

jurisdiction was proper in Missouri state court, Defendants removed this action to federal court.

**DEFENDANTS AND GENERAL ALLEGATIONS:**

5. Defendant Buchanan County, Missouri (hereinafter "Defendant County") is a Missouri County.

   a. Defendant County is and was responsible for funding the Buchanan County Jail, including medical care at the jail.

   b. At all relevant times herein, Defendant County contracted with Defendant Advanced Correctional Healthcare, Inc to provide medical services at the Buchanan County Jail.

   c. At all relevant times, Defendant Buchanan County secured and had insurance coverage applicable to the tort claims asserted herein which did not preserve sovereign immunity.

6. Defendant Harry Roberts, Defendant Dan Hausman, and Defendant Ron Hook are or were each Buchanan County Commissioners (hereinafter "Defendant Commissioners").

   a. At all relevant times Defendant Commissioners possessed final policy making authority for Defendant County, and it was those policies, lack of policies, training and personnel management decisions that resulted in a violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

b. Defendant Commissioners are sued in their official capacities.

c. Defendant Commissioners are all residents of Buchanan County, Missouri.

7. Defendant Mike Strong, former Buchanan County Sheriff (hereinafter "Defendant Strong") who was at all relevant times hereinafter mentioned the Sheriff of Buchanan County.

a. Sheriff Strong was responsible for the management of the Buchanan County Jail located at the Buchanan County Law Enforcement Center, 501 Faraon, Saint Joseph, Buchanan County, Missouri.

b. Defendant Strong had a statutory duty under Missouri Law to attend to the medical needs of inmates housed in the Buchanan County Jail.

c. Defendant Strong at all relevant times possessed final policy making authority for the County, and it was those policies, lack of policies, training and personnel management decisions that resulted in a violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

d. Defendant Strong's conduct in this case was under the color of law.

e. Defendant Strong is sued in his individual and official capacity.

f. Defendant Strong is a resident of Buchanan County, Missouri.

g. At all relevant times, Defendant Strong had insurance coverage applicable to the tort claims asserted herein which did not have a provision preserving sovereign immunity for claims against him in his official capacity.

8. Defendant Captain Jody Hovey, former Jail Administrator of the Buchanan County Jail, (hereinafter "Defendant Hovey") was at all relevant times hereinafter mentioned, Division Commander for the Buchanan County Sheriff's Department.

3

a. At all times relevant hereto Defendant Hovey was the Administrator of the Jail, and the supervisor of jail staff.

b. Defendant Hovey at all relevant times possessed final policy making authority for the County, and it was those policies, lack of policies, training and personnel management decisions that resulted in a violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

c. Defendant Hovey's conduct in this case was under the color of law.

d. Defendant Hovey is sued in his individual and official capacity.

e. Defendant Hovey is a resident of Buchanan County, Missouri.

9. Defendant Buchanan County Sheriff Department Deputy Brian Gross (hereinafter "Defendant Gross") was at all relevant times hereinafter mentioned, the Deputy Officer assigned to Division Three of the Buchanan County Courthouse.

a. At all relevant times hereto Deputy Gross was assigned the duties, *inter alia*, of taking custody of inmates and delivering them to the Buchanan County Jail.

b. Defendant Gross, at all relevant times, had received training and possessed knowledge of Buchanan County Sheriff's Department policies and procedures.

c. Defendant Gross' failure to follow his training and the policies violated Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

d. Defendant Gross' conduct in this case was under the color of law.

e. Defendant Gross is sued in his individual and official capacity.

f. Defendant Gross is a resident of Buchanan County, Missouri.

4

10. Defendant Buchanan County Sheriff Department employee Natalie Bransfield (hereinafter "Defendant Bransfield") is and was at all relevant times hereinafter mentioned, an employee of the Buchanan County Sheriff's Department charged with performing inmate booking duties upon an inmates delivery to the Buchanan County Sheriff's Department.

    a. Defendant Bransfield, at all relevant times, had received training and possessed knowledge of Buchanan County Sheriff's Department policies and procedures.

    b. Defendant Bransfield's failure to follow the training and the policies violated Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

    c. Defendant Bransfield's conduct in this case was under the color of law.

    d. Defendant Bransfield is sued in her individual and official capacity.

    e. Defendant Bransfield is a resident of Buchanan County, Missouri.

11. Defendant Buchanan County Sheriff Department employee Dustin Nauman (hereinafter "Defendant Nauman") is and was at all relevant times hereinafter mentioned, an employee of the Buchanan County Sheriff's Department with duties of performing inmate intakes upon their delivery to the Sheriff Department.

    a. Defendant Nauman, at all relevant times, had received training and possessed knowledge of Buchanan County Sheriff's Department policies and procedures.

    b. Defendant Nauman's failure to follow his training and the policies violated Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition.

    c. Defendant Nauman's conduct in this case was under the color of law.

    d. Defendant Nauman is sued in his individual and official capacity.

5

e. Defendant Nauman is a resident of Buchanan County, Missouri.

12. Defendant Advanced Correctional Healthcare, Inc. (hereinafter "Defendant ACH") is a private for-profit corporation operating in the State of Missouri, organized under the laws of the State of Illinois, that has a contractual obligation to provide medical care for inmates in the Buchanan County Jail at 501 Faraon, Saint Joseph, Missouri. At all times relevant hereto Defendant ACH provided medical personnel, including but not limited to physicians, licensed practical nurses, and other employees to work at the Buchanan County Jail.

    a. At all times relevant hereto, Defendant ACH acted through its servants, employees and agents and Defendant ACH is vicariously liable for the negligent acts and/or failures or omissions of each of its employees.

    b. At all times relevant hereto, Defendant ACH acted through its servants, employees and agents and provided healthcare services in Buchanan County, Missouri.

    c. Defendant ACH is not a licensed medical or healthcare provider in the State of Missouri but at all times relevant hereto was providing healthcare services in Saint Joseph, Buchanan County, Missouri.

    d. Defendants Van Voorn, Slagle and Powers were regularly employed and at all times herein mentioned, agents, servants, and/or employees of Defendant ACH, or because of the doctrine of "apparent authority" or "ostensible agency" were employees of Defendant ACH, and were acting within the course and scope of their employment with Defendant ACH, thereby rendering Defendant ACH liable for their acts of negligence as agents, servants, and/or employees, or as agents

6

under the doctrine of respondeat superior, ostensible agency, and/or apparent authority.

13. Defendant Dr. Catherine Van Voorn (hereinafter "Defendant Van Voorn"), an Advanced Correctional Healthcare, Inc, employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri licensed physician, engaging in the practice of medicine.

   a. At all relevant times herein mentioned Defendant Van Voorn was charged with the responsibility for providing medical care and treatment to Justin Stufflebean, as hereinafter described at the Buchanan County Law Enforcement Center located at 501 Faraon, Saint Joseph, Buchanan County, Missouri.

   b. Defendant Van Voorn breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

14. Defendant Ann Marie Slagle, LPN, (hereinafter "Defendant Slagle"), an Advanced Correctional Healthcare, Inc employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri licensed practical nurse, engaging in the practice of practical nursing.

   a. At all relevant times herein mentioned Defendant Slagle was obligated to assess, nursing diagnose, plan, intervene, medicate, communicate with physicians, and evaluate Justin Stufflebean's medical needs at the Buchanan County Law Enforcement Center located at 501 Faraon, Saint Joseph, Buchanan County, Missouri.

   b. Defendant Slagle breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

15. Defendant April Powers ("Powers") is and was at all times hereinafter mentioned a Missouri licensed nurse. At all relevant times, she was employed by ACH as its servant

7

and agent and acted within the course and scope of her duties as ACH's employee, servant, and/or agent. At all relevant times Powers was the Nursing Supervisor for ACH at the Buchanan County Law Enforcement Center in St. Joseph, Missouri. She was responsible for training, supervising and/or monitoring ACH's nursing employees, including Defendant Ann Marie Slagle, in providing for detainees', including Justin Stufflebean, medical needs at the Buchanan County Law Enforcement Center in St. Joseph, Missouri.

16. Defendant Corizon Health, Inc, (hereinafter "Defendant Corizon") is a limited liability company licensed to do business in Missouri, and has a contractual obligation to provide medical care for inmates in the Department of Corrections at Western Reception and Diagnostic Correctional Center in Saint Joseph, Buchanan County, Missouri. At all relevant times hereto, Defendant Corizon provided medical personnel, including but not limited to physicians, licensed practical nurses and other persons to work at Western Reception and Diagnostic Correctional Center in Saint Joseph, Buchanan County, Missouri.

    a.  At all times relevant hereto, Defendant Corizon acted through its servants, employees and agents and Defendant Corizon is vicariously liable for the negligent acts and/or failures to act of each of its employees.

    b.  At all times relevant hereto, Defendant Corizon acted through its servants, employees and agents and provided healthcare services in Buchanan County, Missouri.

    c.  Defendants Mowry, Bergman, Covillo, Munger and Williams were regularly employed and at all times herein mentioned agents, servants, and/or employees of Defendant Corizon, or because of the doctrine of "apparent authority" or

8

"ostensible agency" were employees of Defendant Corizon, and was acting within the course and scope of their employment with Defendant Corizon, thereby rendering Defendant Corizon liable for their acts of negligence as agents, servants, and/or employees, or as agents under the doctrine of respondeat superior, ostensible agency, and/or apparent authority.

17. Defendant Amy L. Mowry (hereinafter "Defendant Mowry") a Defendant Corizon employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri nurse, engaging in the practice of nursing.

    a. At all relevant times herein mentioned Defendant Mowry provided care and treatment to Justin Stufflebean as hereinafter described at Western Reception Diagnostic and Correctional Center in Saint Joseph, Buchanan County, Missouri.

    b. At all relevant times herein mentioned, Defendant Mowry was charged with the direct responsibility of assessing, nursing diagnosing, planning, intervening and evaluating inmates at Western Reception Diagnostic and Correctional Center.

    c. Defendant Mowry breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

18. Defendant Alice A. Bergman (hereinafter "Defendant Bergman") a Defendant Corizon employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri nurse, engaging in the practice of nursing.

    a. At all relevant times herein mentioned Defendant Bergman provided care and treatment to Justin Stufflebean as hereinafter described at Western Reception Diagnostic and Correctional Center in Saint Joseph, Buchanan County, Missouri.

b. At all relevant times herein mentioned, Defendant Bergman was charged with the direct responsibility of assessing, nursing diagnosing, planning, intervening and evaluating inmates at Western Reception Diagnostic and Correctional Center.

c. Defendant Bergman breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

19. Defendant Frederick V. Covillo (hereinafter "Defendant Covillo") a Defendant Corizon employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri physician, engaging in the practice of medicine.

a. At all relevant times herein mentioned Defendant Covillo was charged with the responsibility for providing medical care and treatment to Justin Stufflebean, as hereinafter described at the Western Reception Diagnostic and Correctional Center.

b. Defendant Covillo breached his duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

20. Defendant Michelle L. Munger (hereinafter "Defendant Munger") a Defendant Corizon employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri nurse, engaging in the practice of nursing.

a. At all relevant times herein mentioned Defendant Munger provided care and treatment to Justin Stufflebean as hereinafter described at Western Reception Diagnostic and Correctional Center in Saint Joseph, Buchanan County, Missouri.

b. At all relevant times herein mentioned, Defendant Munger was charged with the direct responsibility of assessing, nursing diagnosing, planning, intervening and evaluating inmates at Western Reception Diagnostic and Correctional Center.

c. Defendant Munger breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

21. Defendant Karen S. Williams (hereinafter "Defendant Williams") a Defendant Corizon employee was at all relevant times hereinafter mentioned, a healthcare provider, a Missouri nurse, engaging in the practice of nursing.

a. At all relevant times herein mentioned Defendant Williams provided care and treatment to Justin Stufflebean as hereinafter described at Western Reception Diagnostic and Correctional Center in Saint Joseph, Buchanan County, Missouri.

b. At all relevant times herein mentioned, Defendant Williams was charged with the direct responsibility of assessing, nursing diagnosing, planning, intervening and evaluating inmates at Western Reception Diagnostic and Correctional Center.

c. Defendant Williams breached her duty of care, acted with negligence and the direct and proximate result of the negligence was the death of Justin Stufflebean.

**SPECIFIC ALLEGATIONS:**

22. Justin Stufflebean had a long-standing history of medical problems, including but not limited to the following problems and diagnosis: Addison's Disease, Hypocalcemia, Myelopathy, Neuropathy, Anxiety, Depression, Abdominal Pain, Vitamin B12 deficiency, Gastro-esophageal reflux disease with esophagitis, Indigestion, Asthma and Cholelithiasis.

23. On December 15, 2014 Justin Stufflebean was charged with a crime.

24. On December 23, 2014 Justin Stufflebean was incarcerated at the Buchanan County Jail and later posted bond.

25. On December 23, 2014 at 11:32 am, Defendant ACH's employee Carlos Marte performed an assessment on Justin Stufflebean and submitted the same to Defendant Van Voorn for her reviewing signature.

26. Available to Defendant Van Voorn and Carlos Marte was a Questionnaire: BCSD Medical Intake Screening completed by Buchanan County Sheriff's Department Staff at 10:00 am on December 23, 2014.

27. In 2014 Justin Stufflebean reported to jail personnel that he was on a lot of medications and that he had a *calcium deficiency.*

28. The Questionnaire: BCSD Medical Intake Screening resulted in "Medical" being marked as a "Special Condition."

29. Defendant Van Voorn reviewed the medical assessment on December 31, 2014 at 7:20 am.

30. On October 26, 2015 Justin Stufflebean was sentenced in Division 3 of the Buchanan County Courthouse.

31. On October 26, 2015 evidence was proffered at Justin Stufflebean's sentencing through his long-time treating physican, Dr Alan Brewer, detailing Justin Stufflebean's disease processes, his treatment regimen and the fragility of his condition.

32. Specifically, Dr. Brewer testified that Justin Stufflebean suffered from Addison's Disease wherein his adrenal glands fail to make cortisol and that, "cortisol is necessary for human life. Without it, we would all perish quickly."

33. Dr. Brewer further warned that, "…adrenal glands help control calcium levels in the body. And Mr. Stufflebean suffers from one of the lowest calcium levels that any of us doctors have ever seen in the hospital and that can make him quite—makes him quite ill

and very badly damaging to a body and can be life-threatening in and of itself also and has to be controlled."

34. Dr. Brewer estimated that "…to someone with Addison's disease who is as **_brittle_** as he is and with his electrolyte disturbances, not being able to have access to the hospital would be—or delayed access could be—it kills people."

35. Defendant Gross was present in the courtroom at the time of Dr. Brewer's testimony which was elicited immediately before taking Justin Stufflebean into custody. Also present in an ill-appearing defendant, Justin Stufflebean.

36. Defendant Gross escorted Justin Stufflebean from the courtroom to the jail, under arrest.

37. Defendant Gross failed to notify any personnel of the testimony or current health condition of Justin Stufflebean.

38. On October 26, 2015 at 14:03 hours, Defendant Nauman completed the Questionnaire: BCSD Medical Intake Screening on Justin Stufflebean.

39. Defendant Nauman inaccurately noted that Justin Stufflebean was *not* under a physician's care although Justin Stufflebean's physician, Dr. Alan Brewer, had just testified on his behalf in the moments before this was inaccurately documented.

40. Defendant Nauman noted that Justin Stufflebean was on the following medications:Pregnizon, Fultracordadone, Nathara, Calsatrio, Magnesium and PotassiumE *sic*.

41. Defendant Nauman noted that Justin Stufflebean was suffering from Abdominal Pains.

42. Defendant Nauman referred Justin Stufflebean to Medical and purportedly printed off an authorization for medical treatment.

43. However, Defendant Nauman failed to identify the same Special Condition "Medical" as had been identified in 2014 on the same questionnaire.

13

44. On October 26, 2015, Brenda Davis delivered to Matthew Haugh at the Buchanan County Jail the following medications: Natpara, Melatonin, Hydrocodone, Ondansetron, Fludrocortisone, Paroxetine, Calcitriol, Prednisone, and Vitamin D.

45. Shortly thereafter Brenda Davis returned to the jail with specialized injection tips for the administration of his Natpura.

46. On October 27, 2015 at 11:56 am 6 bottles of medication were listed on the Inmate Property Inventory Report as being in the Property Room in Bag #058.

47. On October 27, 2015 at 13:15 hours Justin Stufflebean made a request stating, "I called to have my medicine brought in. I have Addison's and hypoparathyroid disease. Medications brought to jail."

48. As a result of this request, Defendant Slagle contacted Defendant Van Voorn and received verbal orders.

49. On October 27, 2015 Defendant Slagle scribed the following medications onto the Medication Verification Form and sought a verbal order for these medications: Natpara 50 mcg daily sc with notation that "patient must supply" medication; Vit D Ergo 50000 1 cap po daily; Ondansetron Zofran 4 mg dissolve one tab by mouth every 6 hours; Paxil 10 mg 1 tab po daily; Prednisone 10 mg 1 tab po daily; Fludrocortisone 0.1 mg 2 tab po daily.

50. Defendant Van Voorn denied the Ondansetron Zofran 4 mg dissolve one tab by mouth every 6 hours and ordered that the patient must supply his own Natpara.

51. Defendant Van Voorn failed to review records or Justin Stufflebean's medical history.

52. Defendant Van Voorn failed to call or contact in any way Justin Stufflebean's family physician or specialists.

53. Upon information and belief, Defendant Van Voorn has previously been disciplined by the Missouri State Board of Registration for the Healing Arts for violations of state controlled substance laws.

54. Upon information and belief, Defendant Van Voorn was cited for violations including: dispensing drugs without labels, faxing prescriptions to pharmacies without her signature, failing to keep records of prescriptions and allowing a nurse to prescribe drugs – all in violation of state law.

55. Justin Stufflebean had been treated for Acute Abdominal Pains at Mosaic Healthcare in the week prior to the incarceration on October 26, 2015 and, *inter alia*, was begun on Ondansetron for nausea and vomiting.

56. Defendant Van Voorn denied Justin Stufflebean the Ondansetron despite Brenda Davis supplying the medication and despite Justin Stufflebean's current complaints of abdominal pain made to Defendant Nauman.

57. Defendant Van Voorn failed to order the calcitrol to maintain Justin Stufflebean's calcium levels within a normal range despite him having a medical history of Addison's Disease and Hypoparathyroidism.

58. Defendant Van Voorn failed to order the calcitrol despite having knowledge that calcitrol is often used as an adjunct with Natpara to maintain calcium levels.

59. On October 27, 2015 Justin Stufflebean did not receive his prescribed medications.

60. On October 28, 2015 Justin Stufflebean did not receive his prescribed medications.

61. On October 29, 2015 Justin Stufflebean did not receive his prescribed medications.

62. On October 29, 2015 Justin Stufflebean was transferred to Western Reception Diagnostic and Correctional Center in Saint Joseph, Buchanan County, Missouri.

63. On October 29, 2015 Defendant Corizon found Justin Stufflebean "fit for confinement."

64. On October 30, 2015 Justin Stufflebean did not receive his prescribed medications.

65. On October 30, 2015 at 6:10 pm personnel from Buchanan County Jail contacted Brenda Davis to pick up "all property" belonging to Justin Stufflebean.

66. On October 31, 2015 Justin Stufflebean did not receive his prescribed medications.

67. On October 31, 2015 Mosaic Life Care noted their history from Defendant Euler, notating the following, "[t]his morning, the patient was dizzy but he wanted to stay in his cell, according to Donna Euler, nurse at the correctional facility. Then they brought him to him and he was kind of dizzy and he was talking and suddenly he became unresponsive." *sic.*

68. On October 31, 2015 at 14:52 hours, Justin Stufflebean arrived by ambulance at Mosaic Life Care Medical Center in Saint Joseph, Buchanan County, Missouri.

69. Justin Stufflebean arrived unresponsive, in cardiac and respiratory arrest with cardio-pulmonary resuscitation in process.

70. On November 4, 2015 Brenda Davis retrieved Justin Stufflebean's prescriptions from Buchanan County Jail after being notified of their availability for release to her.

71. On November 4, 2015 Brenda Davis discovered that Justin Stufflebean's prescribed medications had not been given to him while at Buchanan County Jail.

72. Brenda Davis petitioned the Buchanan County Circuit Court for a Temporary Restraining Order preventing the Missouri Department of Corrections and Mosaic Lifecare from terminating the life support of Justin Stufflebean; from abstaining from providing all life-saving measures; and from moving Justin Stufflebean from Mosaic Lifecare back to the Department of Corrections.

16

73. The Temporary Restraining Order was granted, in case number 15BU-CV03871, on the 5th day of November 2015.

74. Brenda Davis petitioned the Buchanan County Probate Court for Guardianship of Justin Stufflebean on the 11th day of November 2015 and was granted the same in case number 15BU-PR01080.

75. On November 11, 2015 Judge Daniel Kellogg granted Brenda Davis emergency guardianship over Justin Stufflebean.

76. On November 16, 2015 Justin Stufflebean was pronounced dead.

COUNT I
PETITION FOR DAMAGES
(Wrongful Death Action)

Plaintiffs Brenda Davis and Frederick Stufflebean, individually and as *Plaintiffs ad litem* for Decedent Justin Stufflebean and for their cause of action against defendants state and allege as follows:

77. Plaintiffs restate and incorporate by reference as if fully set out herein paragraphs 1____ through___76____ in the General Allegations and Specific Allegations set forth above.

78. The following Defendant's Buchanan County, Missouri, Commissioners Roberts, Hausman, Hook, Sheriff Strong, Captain Hovey, Brian Gross, Natalie Bransfield, Dustin Nauman breached their duty of care and committed the following acts of negligence and carelessness:

    a.  In failing to communicate, supervise, provide necessities, implement appropriate policies and procedures and failure to follow existing policies and procedures.

    b.  In failing to assess Justin Stufflebean's current and continuing medical status while detained;

c.  In failing to assess Justin Stufflebean's chronic health conditions and appreciating their risk to his health and life;

d.  In failing to plan appropriately in order to meet all health needs of Justin Stufflebean;

e.  In failing to evaluate the care or lack of care provided to Justin Stufflebean in order to make appropriate changes; and

f.  In failing to develop and implement a classification system that safeguarded Justin Stufflebean's medical conditions.

79. There were aggravating circumstances in this case, which thereby entitle plaintiffs to damages exemplary in nature. These circumstances include, but are not limited to, the following things:

a.  Defendant's failure to properly communicate, supervise, provide for, follow policies and procedures, implement appropriate policies and procedures and evaluate Justin Stufflebean's health;

b.  Defendant's conduct leading up to Justin Stufflebean's death;

80. As a direct and proximate result of the negligence of Defendants, Justin Stufflebean had great pain and suffering, and ultimately died;

81. As a further direct and proximate result of the negligence of Defendant's, Plaintiffs have sustained losses because of Justin Stufflebean's death in the nature of pecuniary losses, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of comfort or protection, loss of material care, attention, advice or counsel, funeral expenses and loss of financial support which Justin Stufflebean would have contributed during the remainder of his expected lifetime.

**WHEREFORE**, Plaintiffs Brenda Davis and Frederick Stufflebean individually and as Plaintiff ad litem for Decedent Justin Stufflebean, pray for judgment against Defendants and for any and all other damages as may be appropriate or to which they may be entitled by law.

COUNT II
PETITION FOR DAMAGES
(Wrongful Death Action)

Plaintiffs Brenda Davis and Frederick Stufflebean, individually and as *Plaintiffs ad litem* for Decedent Justin Stufflebean and for their cause of action against defendants state and allege as follows:

82. Plaintiffs restate and incorporate by reference as if fully set out herein paragraphs _1___ through___81___in the General Allegations, Specific Allegations and Count I set forth above.

83. The following Defendant's Advanced Correctional Healthcare, Dr. Van Voorn, Ann Marie Slagle and April Powers breached their duty of care and committed the following acts of negligence and carelessness:

   a. In failing to communicate, supervise, provide necessities, implement appropriate policies and procedures and failure to follow existing policies and procedures.

   b. In failing to assess Justin Stufflebean's current and continuing medical status while detained;

   c. In failing to assess Justin Stufflebean's chronic health conditions and appreciating their risk to his health and life;

   d. In failing to diagnose changes in Justin Stufflebean's health status;

   e. In failing to plan appropriately in order to meet all health needs of Justin Stufflebean;

19

f. In failing to implement an appropriate plan of care that safeguarded Justin Stufflebean's health and life;

g. In failing to evaluate the care or lack of care provided to Justin Stufflebean in order to make appropriate changes.

h. In failing to review Justin Stufflebean's prior Jail medical records, private medical records or consult with his long time physician or other specialists concerning his particularized medical needs.

i. In failing to resume his current medication regimen at the time of entry into the Buchanan County Jail;

j. In failing to seek appropriate orders upon intake at Buchanan County Jail;

k. In failing to administer his medications as directed.

84. There were aggravating circumstances in this case, which thereby entitle plaintiffs to damages exemplary in nature. These circumstances include, but are not limited to, the following things:

a. Defendant's failure to properly communicate, supervise, provide for, follow policies and procedures, implement appropriate policies and procedures and evaluate Justin Stufflebean's health;

b. Defendant's conduct leading up to Justin Stufflebean's death;

85. As a direct and proximate result of the negligence of Defendants, Justin Stufflebean had great pain and suffering, and ultimately died;

86. As a further direct and proximate result of the negligence of Defendant's, Plaintiffs have sustained losses because of Justin Stufflebean's death in the nature of pecuniary losses, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of comfort or protection, loss of material care, attention, advice or counsel, funeral expenses

20

and loss of financial support which Justin Stufflebean would have contributed during the remainder of his expected lifetime.

**WHEREFORE**, Plaintiffs Brenda Davis and Frederick Stufflebean individually and as Plaintiff ad litem for Decedent Justin Stufflebean, pray for judgment against Defendants and for any and all other damages as may be appropriate or to which they may be entitled by law.

COUNT III
PETITION FOR DAMAGES
(Wrongful Death Action)

Plaintiffs Brenda Davis and Frederick Stufflebean, individually and as *Plaintiffs ad litem* for Decedent Justin Stufflebean and for their cause of action against defendants state and allege as follows:

87. Plaintiffs restate and incorporate by reference as if fully set out herein paragraphs  1____ through___86____in the General Allegations, Specific Allegations, Count I and Count II set forth above.

88. The following Defendant's Corizon Health, Mowry, Bergman, Covillo, Munger and Williams breached their duty of care and committed the following acts of negligence and carelessness:

    a. In failing to communicate, supervise, provide necessities, implement appropriate policies and procedures and failure to follow existing policies and procedures.

    b. In failing to assess Justin Stufflebean's current and continuing medical status while detained;

    c. In failing to assess Justin Stufflebean's chronic health conditions and appreciating their risk to his health and life;

    d. In failing to diagnose changes in Justin Stufflebean's health status;

e. In failing to plan appropriately in order to meet all health needs of Justin Stufflebean;

f. In failing to implement an appropriate plan of care that safeguarded Justin Stufflebean's health and life;

g. In failing to evaluate the care or lack of care provided to Justin Stufflebean in order to make appropriate changes.

h. In failing to review Justin Stufflebean's prior Jail medical records, private medical records or consult with his long-time physician or other specialists concerning his particularized medical needs.

i. In failing to resume his current medication regimen at the time of entry into the Buchanan County Jail;

j. In failing to seek appropriate orders upon intake at Western Reception Diagnostic Correctional Center;

k. In failing to administer his mediations as directed;

l. In failing to appropriately determine Justin Stufflebean's fitness for confinement;

89. There were aggravating circumstances in this case, which thereby entitle plaintiffs to damages exemplary in nature. These circumstances include, but are not limited to, the following things:

a. Defendant's failure to properly communicate, supervise, provide for, follow policies and procedures, implement appropriate policies and procedures and evaluate Justin Stufflebean's health;

b. Defendant's conduct leading up to Justin Stufflebean's death;

c. Defendant's Corizon denial of palliative care measures necessitating an Emergency Guardianship;

90. As a direct and proximate result of the negligence of Defendants, Justin Stufflebean had great pain and suffering, and ultimately died;

91. As a further direct and proximate result of the negligence of Defendant's, Plaintiffs have sustained losses because of Justin Stufflebean's death in the nature of pecuniary losses, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of comfort or protection, loss of material care, attention, advice or counsel, funeral expenses and loss of financial support which Justin Stufflebean would have contributed during the remainder of his expected lifetime.

**WHEREFORE**, Plaintiffs Brenda Davis and Frederick Stufflebean individually and as Plaintiff ad litem for Decedent Justin Stufflebean, pray for judgment against Defendants and for any and all other damages as may be appropriate or to which they may be entitled by law.

COUNT IV

(42 U.S.C. §1983 – Violation of the Constitution of the United States of America)

Plaintiffs Brenda Davis and Frederick Stufflebean, individually and as *Plaintiffs ad litem* for Decedent Justin Stufflebean and for their cause of action against defendants state and allege as follows:

92. Plaintiffs restate and incorporate by reference as if fully set out herein paragraphs _1____ through___91____in the General Allegations, Specific Allegations, Count I, Count II and Count III as set forth above.

93. The following Defendant's Buchanan County, Missouri, Commissioners Roberts, Hausman, Hook, Sheriff Strong, Captain Hovey, Brian Gross, N. Bransfield, Dustin Nauman, Advanced Correctional Healthcare, Dr. Van Voorn, Ann Marie Slagle, April Powers, Corizon Health, Amy Mowry, Alice Bergman, Frederick Covillo, Michelle Munger and Karen Williams actions and omissions described above were made under

23

color of state law and caused a deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States (including, without limitation, the Eighth Amendment of the United States Constitution). Accordingly, Defendants' actions/inactions described above constitute violations of 42 U.S.C. §1983.

a. Justin Stufflebean had a serious medical condition in need of timely and consistent treatment;

b. Defendants were aware of Justin Stufflebean's serious medical needs and aware of the need for treatment so as that a layperson would be able to recognize the necessity of the same;

c. Defendants acting with deliberate indifference, failed to provide adequate treatment of Justin Stufflebean's acute and chronic health conditions within a reasonable period of time;

d. As a direct result of Defendant's acts and omissions, Justin Stufflebean and Plaintiffs were injured and suffered damages.

e. Upon information and belief, other inmates have died at Buchanan County Jail and Western Reception Diagnostic Correctional Center because of Defendants deliberate indifference in failing to provide adequate and/or timely medical treatment.

f. Defendants' actions and omissions were malicious, intentional and/or recklessly indifferent to the rights of Justin Stufflebean under the law such that punitive damages are warranted.

g. Defendants' acts and omissions were willful, wanton, reckless, malicious and sadistic and further show a complete and deliberate indifference to, and conscious

disregard for, the safety and rights of Justin Stufflebean. Therefore, Plaintiffs are entitled to awards of punitive damages.

h. 42 U.S.C.§1983 authorizes the payment of attorney's fees and expenses to Plaintiff's counsel, and Plaintiffs seek said relief.

**WHEREFORE**, Plaintiffs pray that this Court enter a joint and several judgment under Count IV against all Defendants therein listed, specifically granting the following relief:

a. An award of fair and reasonable compensatory damages to Plaintiffs;

b. An award of punitive damages to Plaintiffs;

c. An award of reasonable attorney's fees and expenses to Plaintiff's counsel;

d. Such other relief this Court deems just and proper.

95. PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS AND ALL ISSUES SO TRIABLE.

Respectfully submitted,

THE BIRD LAW FIRM, P.C.

By: /s/ William W. Bird
WILLIAM W. BIRD - #46742
1212 Frederick Avenue
St. Joseph, Missouri 64501
Telephone: (816) 279-8800
Facsimile: (816) 279-0200
BirdLawFirm@hotmail.com

KRANITZ, SADOUN & CARPENTER, PC
Michelle Carpenter – 56327
825 Francis
St. Joseph, MO 64501
Telephone: (816) 232-4409
Facsimile: (816) 232-8558
mcarpenter@kranitzlaw.com

ATTORNEYS FOR PLAINTIFF BRENDA DAVIS

25

LAW OFFICE OF PAM BLEVINS, LLC
Pamela K. Blevins - #44384
510 N. 4th Street
St. Joseph, MO 64501
Telephone: (816) 273-0151
Facsimile: (816) 273-0149
pam@pamblevinslaw.com

ATTORNEYS FOR PLAINTIFF FRED
STUFFLEBEAN

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2019, I served the foregoing Second-Amended Complaint via the Court's ECF system on all parties per the Court's Order (Doc. 410) with courtesy copies in Word via email.

*/s/William W. Bird*
William W. Bird