**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| BRENDA DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-06058-NKL |
| | ) | |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court is Dr. Covillo's Motion to Dismiss Based on Qualified Immunity. Doc. 360. In it, he seeks to dismiss Count IV of Plaintiffs' Complaint,[1] which asserts a civil-rights claim against him, specifically deliberate indifference to a known serious medical need. After careful review of the record, the Court denies Dr. Covillo's motion to dismiss. Plaintiffs pleaded sufficient facts to state a plausible constitutional violation against Dr. Covillo.

---

[1] Dr. Covillo refers in his motion to the First Amended Complaint (Doc. 78) as the amended complaint he seeks to dismiss. That complaint has been amended since Defendants' motion to dismiss was filed. *See* Doc. 414 (Plaintiffs' Second Amended Complaint). However, the amended complaint did not change any allegations against Dr. Covillo. Therefore, the Court did not require Dr. Covillo to resubmit his previously filed motion to dismiss, Doc. 360, and his summary judgment motion, Doc. 382, which were pending at the time of the amendment. Doc. 416. In accordance with the Court's prior orders stating that Defendants are not required to refile or reassert any motion then pending for dismissal or for summary judgment (Doc. 416) and the Court's prior order on Dr. Covillo's motion to dismiss the first amended complaint (Doc. 598), the Court treats Dr. Covillo's motion to dismiss the First Amended Complaint as though it were directed to the Second Amended Complaint.

## I.     Background

On October 26, 2015, Justin Stufflebean, son of plaintiffs Brenda Davis and Frederick Stufflebean, was sentenced for a sex crime. Immediately following his sentencing, Stufflebean was held at the Buchanan County Jail until he was transferred on October 29, 2017 to the Western Reception Diagnostic and Correctional Center ("WRDCC").  Prior to and during his incarceration, he suffered from two endocrine disorders: Addison's disease and hypoparathyroidism.  Addison's disease is a disorder that occurs when the adrenal glands fail to produce sufficient amounts of cortisol, an essential hormone that helps the body cope with stress and is critical to maintaining blood pressure and cardiovascular function. Without his medication for the disease, Stufflebean was at risk of dying in a short time.

Plaintiffs' Amended Complaint, Doc. 78, alleges in Count IV that Dr. Covillo was an employee of Corizon and that his job was to provide medical services to prisoners at WRDCC.  It also alleges that Dr. Covillo was deliberately indifferent to Stufflebean's known medical need for daily medication to treat his chronic diseases and that, as a result, Stufflebean died. Dr. Covillo now contends that these allegations are not enough to state a plausible claim against him because there are insufficient facts pointing to specific acts he did or did not do, and therefore, Dr. Covillo contends, he is entitled to qualified immunity.

Dr. Covillo did not file this motion to dismiss until trial was imminent, after discovery was completed, and after extensive briefing on numerous other issues.  Indeed, he filed the motion to dismiss, raising qualified immunity for the first time, contemporaneously with the filing of his motion for summary judgment.

The Court now has denied summary judgment to Dr. Covillo, finding that there is a contested issue of fact about whether he knew Justin Stufflebean had a serious medical need and with that knowledge intentionally failed to reasonably address the need.  Doc. 633.

## II. Applicable Law

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which places defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Rule 8 does not require "detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court found that, absent a plausible constitutional claim, a public official entitled to qualified immunity should not be subjected to discovery. The Supreme Court recognized that "in [the] pleading context, . . . we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. *Id.* at 686.

However, "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010). A claim is sufficiently plausible when it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A*., 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678).

Public officials "are protected from §1983 suits by the affirmative defense of qualified immunity." *Water v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) (internal citations omitted).[2] Qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

---

[2] The Court assumes here, as it did in its Summary Judgment Order (Doc. 633, p. 16), that private employees of a business that contracts with a governmental entity to provide medical services are entitled to assert qualified immunity as a defense.

have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are two factors a court must consider in analyzing the issue of qualified immunity pursuant to § 1983: (1) whether the facts alleged show that the public official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Qualified immunity is appropriate only if no reasonable factfinder could answer yes to both of these questions." *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013) (quoting *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009)).

At the dismissal stage, defendants "must show that they are entitled to qualified immunity on the face of the complaint." *Dadd v. Anoka Cty.*, 827 F.3d 749, 754. (8th Cir. 2016) (internal quotation marks omitted) (quoting *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005)). Courts addressing qualified immunity in a motion to dismiss "must consider 'whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction.'" *Id.* at 754–55 (quoting *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)). "On the merits, to defeat a qualified immunity defense, plaintiff has the burden of proving that defendant's conduct violated a clearly established constitutional right," but at the dismissal stage, "the issue is whether plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Stanley v. Finnegan*, 899 F.3d 623, 626 n.2 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678) (citing *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013)).

To state a claim for deliberate indifference, a plaintiff must show that he was suffering from an objectively serious medical need, and that prison officials knew of the need but deliberately disregarded it. *Saylor v. Nebraska*, 812 F.3d 637, 637–44 (8th Cir. 2016). An objectively serious medical need is "one that has been diagnosed by a physician as requiring

treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

Qualified immunity is an affirmative defense that must be pled by the defendant. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Failure to plead qualified immunity as an affirmative defense results in waiver. *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 807–08 (8th Cir. 2013).

## III. Analysis

First, Plaintiffs' complaint does state a plausible constitutional claim against Dr. Covillo and fairly gave him notice of the claim. The latter is amply illustrated by the fact that Dr. Covillo filed an answer addressing Count IV, conducted extensive discovery on Count IV, challenged Plaintiffs' experts' testimony, and filed a Motion for Summary Judgment. Yet until now he did not contend that Plaintiffs' complaint failed to state a claim or give any other indication that he did not understand what he was defending against.

As for the plausibility of the claim against Dr. Covillo, it is true that Plaintiffs' complaint does not plead specific details of Dr. Covillo's deliberate indifference. However, it does plead that Justin Stufflebean was placed in the care of Dr. Covillo and other defendants, that these defendants, including Dr. Covillo, failed to properly medicate Stufflebean, and that, as a result, Stufflebean died. Plaintiffs identified the time period when defendants' deliberate indifference occurred[3] and what medicine was required to be administered which was not administered. Plaintiffs also identified Dr. Covillo as the doctor at WRDCC who was required to provide care to Stufflebean

---

[3] Dr. Covillo suggests that there is nothing to show the time period involved, but Plaintiffs' complaint identifies the dates when Stufflebean was in the WRDCC—a short time span. This is sufficient notice of the time period during which Dr. Covillo allegedly was deliberately indifferent.

during his incarceration. It described Stufflebean's disease and why the administration of his medicine was critical. It also described documents that were available to Dr. Covillo which showed Stufflebean's diseases, medications and symptoms. As Judge Hays stated in an earlier order in this case, "[o]ne may infer that defendants . . . were aware of decedent's diagnoses and, as medical professionals, were aware of the seriousness of his condition and that any failure to properly manage his condition could be fatal." Doc. 60 at 8–9. While Judge Hays did not address Dr. Covillo in her order, Judge Hays' analysis is equally applicable here. Plaintiffs' allegations are far from mere conclusions and labels and clearly put Dr. Covillo on notice of a plausible deliberate-indifference claim.

Dr. Covillo's primary argument in favor of his motion is that all the defendants were lumped together and their specific role in Stufflebean's demise was not identified. But a fair reading of the complaint is that each defendant, including Dr. Covillo, had knowledge of Stufflebean's needs given his or her access to his medical and intake records; that with that knowledge, each defendant including Dr. Covillo failed or refused to address Stufflebean's need for medication and treatment for his chronic diseases; and that as a result of each defendant's conduct Stufflebean died. The time period when this all occurred is set out in the complaint and covers just a few days. Each defendant is separately identified and tied to one of two institutions involved. Of course, Plaintiffs could have stated each allegation separately against each defendant but there would be no substantive difference. The complaint would have been much longer, but it would not have been more or less plausible.

To the extent that Dr. Covillo is arguing that Plaintiffs needed to identify the specific day and time when Dr. Covillo was in contact with Stufflebean and what he specifically did or did not do for Stufflebean, the Court finds that this is not required. In a notice-pleading jurisdiction,

discovery is where these details are fleshed out, particularly in a case such as this where Dr. Covillo and the other defendants are the ones who have the information already and only through discovery will Plaintiffs be able to find that information.

Defendants also seem to argue that Plaintiffs were required to plead facts to show that the Constitutional right being alleged was clearly established at the time of the alleged violation. This is inherently a legal issue based on the facts that form the basis of a claim for deliberate indifference. As discussed above, Plaintiffs have pleaded a plausible claim for deliberate indifference to Stufflebean's known medical need.

## IV.    Conclusion

For the foregoing reasons, the Court denies Dr. Covillo's Motion to Dismiss on the Basis of Qualified Immunity, Doc. 360.[4]

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 23, 2019
Jefferson City, Missouri

---

[4] Plaintiffs also argue that Dr. Covillo waived the defense of qualified immunity because he did not assert it in any pleading prior to filing the motion to dismiss. The Court need not address the issue because it finds that Plaintiffs' first complaint against Dr. Covillo (Doc. 78), as well as the Second Amended Complaint (Doc. 414), put Dr. Covillo on notice that a plausible deliberate indifference claim was being asserted against him.