# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BRENDA DAVIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-06058-NKL |
| | ) | |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Michelle Munger, Alice Bergman, Amy Mowry, Karen Williams, and Frederick Covillo (collectively, the "Corizon Defendants") each move to dismiss the second amended complaint by plaintiffs Brenda Davis and Frederick Stufflebean for failure to state a claim against them in their individual capacities. Docs. 441, 468, 471. For the reasons set forth below, the motions to dismiss are denied in part and granted in part.

**I.      RELEVANT BACKGROUND**

After less than three days of incarceration at the Buchanan County Jail and less than two days of incarceration at the Missouri Department of Corrections' Western Reception, Diagnostic, and Correctional Center ("WRDCC"), Plaintiffs' son, Justin Stufflebean, who suffered from Addison's disease and hypoparathyroidism and was not given his nine prescription medications for multiple consecutive days, was rushed by ambulance to a hospital, where he subsequently died.

On April 6, 2017, Plaintiffs brought suit in state court against, *inter alia*, Corizon Health, LLC (named in the initial complaint as "Corizon Health, Inc."), which provided medical services at the WRDCC, and Corizon nurse Donna Euler. Doc. 1-2. The defendants removed the case to

1

federal court on May 8, 2017. Doc. 1. Plaintiffs voluntarily dismissed their claims against Corizon Health, Inc. and Donna Euler. Docs. 61, 65.

On July 30, 2018, Plaintiffs moved for leave to file an amended complaint to re-assert state law tort claims and to add as parties Corizon Health, LLC (the proper name of the entity) as well as Corizon doctor Covillo and Corizon nurses Bergman, Mowry, Munger, and Williams. Doc. 73. On August 24, 2018, the Court granted Plaintiffs' motion for leave to amend the complaint. Doc. 75.

Plaintiffs filed the First Amended Complaint on September 4, 2018. Doc. 78. Bergman, Munger, Williams, and Dr. Covillo separately filed answers to the First Amended Complaint on October 11, 2018, and Mowry filed an answer on October 19, 2018. Docs. 99-102; Doc. 104. None of the October 2018 answers by the Corizon Defendants mentions the terms, "capacity," "individual," or "official." Docs. 99-102, 104.

On April 16, 2019, in response to a motion to dismiss based on sovereign immunity filed by defendants connected with Buchanan County (Doc. 263), Plaintiffs filed a motion for leave to file a second amended complaint in order to allege an insurance exception to the Buchanan County defendants' sovereign immunity defense, citing newly produced insurance documents. Doc. 279. Plaintiffs explained that the proposed second amended complaint made only the following changes:

    1) the style of the case was shortened to reflect "et al." after naming Buchanan County;

    2) the case number was revised to properly reflect Judge Laughrey's initials;

    3) the title of the document was changed to "Second-Amended Complaint";

    4) paragraphs 5(c) and 7(g) were added to make the insurance allegations;

    5) former paragraphs 16, 79 & 94 were deleted as they pertained to dismissed defendant Warden Ryan Crews;

> 7) [*sic*] the signature block was corrected to reflect representation of the respective plaintiffs; and
>
> 8) the certificate of service was removed.

*Id.*, p. 3.

On July 1, 2019, while Plaintiffs' motion for leave to file a second amended complaint was pending, and nearly a year after Plaintiffs filed the First Amended Complaint naming him as a defendant, Dr. Covillo filed a motion to dismiss raising for the first time the defense of qualified immunity. Doc. 360. On July 3, 2019, Bergman, Mowry, and Williams moved for summary judgment on grounds of qualified immunity. Doc. 392. Similarly, on July 5, 2019, Munger moved for summary judgment on the ground of qualified immunity. Doc. 399.[1]

On July 8, 2019, the Court granted Plaintiff's motion to file a second amended complaint. Doc. 410.[2] Plaintiffs filed the Second Amended Complaint on July 9, 2019. Doc. 414.

On July 10, 2019, the Court entered an order as follows:

> In light of the fact that Plaintiffs' Second-Amended Complaint, Doc. 414, did not change the substantive allegations against the Defendants, Defendants' pending motions for summary judgment and for dismissal shall remain pending with the same briefing schedule. Defendants are not required to refile or reassert any motion that is currently pending before the Court.

Doc. 416.

At the time, trial was scheduled to commence on August 19, 2019. Doc. 379.

Despite the fact that the Second Amended Complaint did not differ from the First Amended

---

[1] Until January 18, 2019, the same counsel represented Corizon and all of the Corizon Defendants in this action. However, in mid-January, 2019, new counsel appeared for Munger (Doc. 153) and Dr. Covillo (Doc. 159), and on January 18, 2019, Corizon's counsel moved to withdraw from representation of Munger (Docs. 162, 164) and Dr. Covillo (Docs. 163, 165).

[2] The Court permitted amendment after the deadline for amending pleadings had passed because the insurance documents that Plaintiffs alleged showed waiver of sovereign immunity were not produced by the defendants until after the deadline to amend pleadings. Doc. 410, p. 7.

3

Complaint in any substantive regard relevant to the Corizon Defendants (*see* Doc. 416), on July 19, 2019, Munger moved to dismiss the Second Amended Complaint. Doc. 441. In that motion, for the first time, Munger argued that Plaintiffs' latest pleading fails as against her because (1) it does not contain a clear statement that Munger is sued in her individual capacity and therefore alleges a claim against her in only her official capacity (2) the official capacity claim against Munger is redundant of the claim against Corizon, (3) the claims are conclusory, (4) Plaintiffs lack standing to maintain a Section 1983 claim based on the alleged deprivation of another's rights, and (5) it fails, in violation of Federal Rule of Civil Procedure 10, to name Munger as a Defendant in the caption. Doc. 442, p. 3.

On July 23, 2019, Bergman, Mowry, and Williams moved to dismiss the Second Amended Complaint on similar grounds. Doc. 468; Doc. 469, p. 3 (arguing that (1) the Second Amended Complaint does not specify in which capacity the nurses are sued, and therefore the claims are official-capacity claims, which are redundant of the claims against Corizon, (2) the allegations are conclusory, and (3) Plaintiffs lack standing to maintain a Section 1983 claim based on the alleged deprivation of the rights of another). On the same day, Dr. Covillo also moved to dismiss the Second Amended Complaint on the same grounds cited by Bergman, Mowry, and Williams. Doc. 471; Doc. 472, pp. 3-4.

None of the Corizon Defendants sought or received leave to amend their answers.

On December 23, 2019, the Court entered an order granting the motion by Bergman, Mowry, and Williams for summary judgment on Count IV, but denying the motions by Mowry and Dr. Covillo for summary judgment on Count IV except that the motion for summary judgment on the punitive damages claim was taken under advisement. Doc. 633.

## II. Discussion

### a. Waiver of Defenses Generally

The Court's discussion of the Corizon Defendants' motions to dismiss raising multiple defenses for the first time one month before the scheduled trial date must begin with consideration of the timeliness of the motion. The filing of an amended complaint does not revive a right to present defenses that were available but not timely asserted. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2019); *see Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("[T]he filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint."); *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, No. 15-3705 (JRT/JSM), 2016 U.S. Dist. LEXIS 127532, at *3-5 (D. Minn. Sep. 19, 2016) (holding that defendant could not assert in motion to dismiss amended pleading a defense that was available prior to amendment of the pleading).

A new defense might be asserted "when the amended complaint changes the theory or scope of the case." *Krinsk*, 654 F.3d at 1202. However, as the Court has already ruled, the Second Amended Complaint "did not change the substantive allegations against the Defendants . . . ." Doc. 416. The most recent amendment thus did not open the door to new defenses. *See Wolff Shoe Co. v. Mosinger Co. LLC*, No. 11-0601 TIA, 2012 U.S. Dist. LEXIS 41711, at *14 (E.D. Mo. Mar. 27, 2012) ("Defendant makes no argument that the defense was unavailable at the time Defendant filed its Answer to the original Complaint. Accordingly, the Court denies [Defendant]'s motion to dismiss as directed to Count I."); *Towne Auto Sales, LLC v. Tobsal Corp.*, No. 16-02739, 2017 U.S. Dist. LEXIS 187990, at **3-5 (N.D. Ohio Nov. 14, 2017) (holding that, where "neither the scope nor the theory of the case has changed as a result of Plaintiff's Second Amended Complaint, Defendant cannot raise a defense for lack of personal jurisdiction having waived it by

5

failing to present the defense in a prior motion"); *see also Oy Tilgmann, AB v. Sport Pub. Int'l, Inc.*, 110 F.R.D. 68, 70 (E.D. Pa. 1986) ("The plaintiff's amended complaint added only one new paragraph . . . .  Therefore, that was the only paragraph to which there should necessarily have been a new or additional response by these defendants. The defendants, however, . . . added some ten pages of additional allegations, including changes or additions to nearly every paragraph of its original answer, and added eight new affirmative defenses. Because the defendants were not responding for the first time to new issues raised in the plaintiff's amended pleading, the substantially altered document is an amended pleading under the rules. . . .  The defendants were required to obtain leave of court or the written consent of the plaintiff to file this document.  Since neither leave nor consent was obtained, this pleading was filed in violation of the Federal Rules of Civil Procedure.").

Rule 12(h) preserves certain defenses, and indeed, the defense of lack of subject matter jurisdiction can be raised at any time.  Fed. R. Civ. P. 12(h)(3).  However, absent an applicable exception, defenses raised at this late stage in the proceedings are deemed waived.

### b. Plaintiffs' Failure to Expressly Plead that They Were Suing the Corizon Defendants in Their Individual Capacities

One of the multiple arguments that the Corizon Defendants have asserted at this late stage in the proceedings is that Plaintiffs' failure to specify the capacity in which the Corizon Defendants are being sued requires dismissal of the complaint.

Federal Rule of Civil Procedure 9(a) provides that, "Except when required to show that the court has jurisdiction, a pleading need not allege . . . a party's capacity to sue or be sued . . . ." Fed. R. Civ. P. 9(a)(1)(A).  Because "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees," the Eighth Circuit has interpreted Rule 9(a) as requiring a plaintiff in a civil rights case against a state and its employees

6

to "make a capacity stipulation in the complaint." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Specifically, "a plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (citation omitted). Where a "complaint is silent about the capacity in which [the plaintiff] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Id.* (citations omitted). Suing an official in his official capacity is the equivalent of suing the entity that employs him. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted).

### i. Waiver of Rule 9(a) Issue

Rule 9(a) requires a party raising the issue of capacity to sue or be sued to "do so by a specific denial . . . ." Fed. R. Civ. P. 9(a)(2). Thus, absent a specific denial, Defendants cannot raise the issue.

Here, the Corizon Defendants made no attempt at such a denial in their original answers. Indeed, the original answers, filed in October 2018, do not even contain the terms "capacity," "individual," or "official." Docs. 99-102, 104. They include the word "personal" only insofar as they preserve the general defense that Plaintiffs' claims are barred by lack of personal jurisdiction. Doc. 99, p. 16; Doc. 100, p. 16; Doc. 101, p. 16; Doc. 102, p. 16; Doc. 104, p. 16.

The Corizon Defendants did not deny that they had been sued in their individual capacities until nearly a year after they were first sued, well after they had filed dispositive motions, and one month (or less) before trial. *See* Doc. 379. Only when Plaintiffs were given leave to file a second

7

amended complaint that left the allegations against the Corizon Defendants substantively unchanged did Defendants choose to raise the issue of capacity.

"The lack of capacity to sue or be sued is a defense that must be pleaded with specificity or it is waived." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009); *see also United Supreme Council v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry*, No. 18-2034, 2019 U.S. App. LEXIS 32478, at *9 (4th Cir. Oct. 30, 2019) ("The lack of capacity to sue is an affirmative defense that must be raised in an answer, and [a party]'s failure to do that amounts to waiver.").

Here, there can be no doubt that the Corizon Defendants have waived the right to assert a defense based on capacity. Not only did they sit on their hands for ten months, waiting until after they had filed voluminous dispositive motions and just a month—or less—before the trial date to finally raise their argument, but they also repeatedly demonstrated an intention to defend themselves in their individual capacities. Although the Corizon Defendants moved for summary judgment as to the punitive damages claims against them, they did not cite the legal principle that punitive damages are not available against a state entity and therefore should have been dismissed as against each Corizon Defendant—an indication that they each understood that they were being sued in their individual capacities. *See, e.g., Rosillo v. Holten*, No. 13-1940 (JNE/SER), 2014 U.S. Dist. LEXIS 177358, at **5-6 (D. Minn. Dec. 23, 2014) (noting that, "though the Complaint lacks an express statement as to [defendant]'s capacity, it was in other ways sufficient to put [defendant] on notice that [plaintiff] intended to sue him in his individual capacity, either solely or in conjunction with an official capacity claim," because, *inter alia*, plaintiff sought punitive damages and such damages would have been available only if defendant were "sued in his individual capacity"). Each of the Corizon Defendants raised qualified immunity as a defense, although

8

qualified immunity is a defense to only individual-capacity claims. *See id.*, at *6 (noting that defendant was on notice that plaintiff intended to sue him in his individual capacity because, *inter alia*, he "asserted the defense of qualified immunity, which would be relevant only if he were sued in his individual capacity"). Two of the Corizon Defendants even have their own personal attorneys in this action, having parted ways with the counsel that Corizon originally provided them. *See* Doc. 153 (notice of appearance for Munger's new counsel); Doc. 159 (notice of appearance for Dr. Covillo's new counsel); Doc. 162 and 164 (motions by counsel for Corizon, Bergman, Mowry, and Williams to withdraw from representation of Munger); Docs. 163 and 165 (motions by counsel for Corizon, Bergman, Mowry, and Williams to withdraw from representation of Dr. Covillo). The Court thus cannot but conclude that the Corizon Defendants have waived the right under Rule 9(a) to assert the capacity argument.

### ii. Whether the Corizon Defendants Are State Officials

Even if the Corizon Defendants had not waived the defense relating to the capacity in which they were sued, the Court still would deny their motions to dismiss on that ground. The Eighth Circuit requires that a complaint specify the capacity in which "a state official" is sued. *Egerdahl*, 72 F.3d at 619. However, the Court is aware of no controlling case law holding that employees of a private corporation are "state officials" within the meaning of this requirement.

The Court is aware of two orders issued by the Eastern District of Missouri that seem to suggest that a plaintiff who sued a Corizon employee without specifying whether it was in her individual or official capacities, or both, should be deemed to have brought only an official-capacity claim against the employee. *See Robinson v. City of St. Louis Div. of Corr.*, No. 16-1535-RWS, 2016 U.S. Dist. LEXIS 180136, at **3-4 (E.D. Mo. Dec. 30, 2016) ("[P]laintiff does not state whether he is suing Williamson, an employee of Corizon, in her individual or official

9

capacity, or both. Where a 'complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.' Naming an official in her official capacity is the equivalent of naming the entity that employs her." (citing *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989))); *Gassel v. Jones*, No. 16-1663 JAR, 2016 U.S. Dist. LEXIS 148117, at *5 (E.D. Mo. Oct. 26, 2016) (holding that complaint that "is silent about defendant's capacity" must be interpreted as including official capacity claims). However, *Robinson* is distinguishable—in that case, the Court found that the plaintiff had not stated a claim against the Corizon employee in her individual capacity because "he did not allege that [the employee] was directly involved in the violation of his constitutional rights." Here, as discussed further below, the Court has found that Plaintiffs have adequately alleged Defendants' direct involvement in the violation of their constitutional rights. *Robinson*, 2016 U.S. Dist. LEXIS 180136, at *4. Meanwhile, the Court in *Gassel* permitted the *pro se* plaintiff an opportunity to amend the complaint, specifying that "If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint." *Id.* Neither case analyzes or explains why employees of a private entity should be entitled to the same protections with regard to pleadings as state employees.

The Court is not willing to extend the strict pleading requirement for state officials in civil rights cases to employees of a private entity that performs services for the state, as "private employees 'do not have an "official capacity" as that term is used under Eleventh Amendment." *Davison v. Rios*, No. 16-0374, 2017 U.S. Dist. LEXIS 68956, at *19 (W.D. Okla. Feb. 2, 2017) (quoting *Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002)); *see Jones*, 33 F. App'x at 971

n.5 (10th Cir. 2002) ("[T]he Torrance Prison is a private facility that is operated by CCA pursuant to a contract with the District of Columbia and the United States Marshals Service. As a result, the CCA defendants are not state actors, and they do not have an 'official capacity' as that term is used under the Eleventh Amendment. This is not to say, however, that the CCA defendants cannot be held personally liable under § 1983. . . .[W]e will assume for purposes of this appeal that the CCA defendants are District of Columbia actors for purposes of § 1983.") (citations omitted); *Perkins v. Chatham*, No. 09-1788, 2009 U.S. Dist. LEXIS 106349, at *5 n.1 (N.D. Tex. Oct. 22, 2009) ("[T]o the extent she is a private attorney, she has no official capacity in which she can be sued.").

Even if controlling case law hereafter concludes that private employees are deemed to have been sued in an official capacity if plaintiffs do not specify the capacity in which they are sued, Plaintiffs here did not know of any such precedent when they brought suit against the Corizon Defendants, and any such new rule should not retroactively interfere with Plaintiffs' substantive rights. While suing the employees of private entities that contract with the state might be the more prudent approach to pleading, it poses a catch-22 for plaintiffs' counsel here. In the absence of controlling precedent holding that employees of a private entity providing medical services at state correctional institutions who are sued for civil rights violations may assert the defense of qualified immunity, distinguishing between the individual and official capacities of such employees might be viewed as a concession by plaintiffs that the employees are entitled to assert qualified immunity. Under the circumstances, the Court finds that Plaintiff had no obligation to specify that they were suing the private-company employees in their individual capacities.

### c. Whether the Allegations Satisfy the Notice-Pleading Standard

The Corizon Defendants' argument that the pleadings in the Second Amended Complaint are too conclusory to state a claim against them has been waived and, moreover, is without merit. As an initial matter, had Plaintiffs' allegations been too conclusory to provide adequate notice, the Corizon Defendants would not have been able to answer the (for all relevant purposes) substantively identical allegations in the First Amended Complaint in October 2018, but they did. *See* Docs. 99-102, 104. Similarly, without adequate notice of the claims against them, Defendants would not have been able to file lengthy motions for summary judgment in early July 2019, prior to filing the instant motions to dismiss. *See* Docs. 382, 392, 399.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to place defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Rule 8 does not require "detailed factual allegations . . . ." *Id*. at 555 (citations omitted). The question is whether the complaint sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

There can be no doubt that the complaint adequately pleads facts that allow the Court to draw the reasonable inference that each of the Corizon Defendants is liable for Section 1983 violations. While Plaintiffs' complaint does not plead specific details of each Corizon Defendant's deliberate indifference, it pleads that Justin Stufflebean was placed in the care of each of the Corizon Defendants, that those defendants failed to properly medicate Stufflebean, and that, as a result, Stufflebean died. Plaintiffs identified the time period when defendants' deliberate

indifference occurred and the medicine that was required to be administered but was not. Plaintiffs also identified each of the Corizon Defendants as either nurses or a doctor at WRDCC who were or was required to provide care to Stufflebean during his incarceration. It described Stufflebean's disease and why the administration of his medicine was critical. It also described documents that were available to the Corizon Defendants that showed Stufflebean's diseases, medications and symptoms. As Judge Hays stated in an earlier order in this case, "[o]ne may infer that defendants . . . were aware of decedent's diagnoses and, as medical professionals, were aware of the seriousness of his condition and that any failure to properly manage his condition could be fatal." Doc. 60 at 8–9. While Judge Hays did not address the Corizon Defendants currently before the Court in her order, her analysis is equally applicable here. Plaintiffs' allegations are far from mere conclusions and labels and clearly put each Corizon Defendant on notice of a plausible deliberate-indifference claim.

The Corizon Defendants' primary argument in favor of their motion to dismiss on the ground that the pleading was insufficient is that all the defendants were lumped together and their specific role in Stufflebean's demise was not identified. But a fair reading of the complaint is that each defendant had knowledge of Stufflebean's needs given his or her access to Stufflebean's medical and intake records; that with that knowledge, each defendant failed or refused to address Stufflebean's need for medication and treatment for his chronic diseases; and that as a result of each defendant's conduct Stufflebean died. The time period when this all occurred is set out in the complaint and spans just a few days. Each defendant is separately identified and tied to one of the two institutions involved. Of course, Plaintiffs could have stated each allegation separately against each defendant but there would be no difference in the substance: a longer complaint would not have made the allegations more plausible.

13

### d. Whether Plaintiffs Lack Standing to Maintain a Section 1983 Claim Based on the Alleged Deprivation of Another's Rights

Insofar as Defendants' argument that Plaintiffs do not have standing to seek damages for the violation of their deceased son's rights that led to his death is a challenge to Plaintiffs' authority to sue in a representative capacity, Defendants waived the right to raise that defense for the reasons stated in Section II(b)(i) above. *See* Fed. R. Civ. P. 9(a)(1)(B) and 9(a)(2). In any event, the Eighth Circuit had held that, in Section 1983 actions, when the injured party dies, the Court looks to state law to determine who is a proper plaintiff, so long as the state law is not inconsistent with the Constitution or federal law. *Andrews v. Neer*, 253 F.3d 1052, 1056 (8th Cir. 2001). Under Missouri law as interpreted by the Eighth Circuit, the Missouri wrongful death statute governs who is the proper plaintiff in an action concerning injuries that caused the decedent's death. *Id.* at 1057-58. The wrongful death statute provides that damages in such a situation "may be sued for: (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive . . . ." Mo. Rev. Stat. § 537.080. Here, Plaintiffs expressly alleged that they are the natural mother and father of the decedent, and they further allege that they "are proper parties to bring his cause of action." Doc. 414, ¶¶ 1-3.

On the other hand, Plaintiffs are not entitled under Section 1983 to sue on their own behalf. *See Andrews*, 253 F.3d at 1064 (finding that, where decedent's daughter "did not bring a separate claim for injury to her own constitutional rights" and did not "pursue her supplemental state-law wrongful death claim," she "cannot shoehorn recovery available to her under such separate claims

into the recovery she may receive under § 1983 for her father's injuries").[3] Because it goes to subject matter jurisdiction, the defense of lack of standing cannot be waived and must be considered when it is raised. *See Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019) ("A district court's obligation to ensure that standing exists continues throughout the case because to qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (quotation marks and citation omitted). Accordingly, the Court grants the motion to dismiss the 1983 claims each Plaintiff brought on his or her own behalf, but otherwise denies the motion to dismiss for lack of standing.

    e. **Whether the Shortened Case Caption on the Second Amended Complaint Warrants Dismissal**

Munger seeks dismissal of the Second Amended Complaint because the case caption no longer lists her, in violation of Federal Rule of Civil Procedure 10. Doc. 414, p. 1. Rule 10 indeed specifies that the "title of the complaint must name all the parties . . . ." Fed R. Civ. P. 10. However, Munger overlooks the fact that when Plaintiffs asked for leave to file the second amended complaint, they expressly pointed out that the new complaint differed from the prior one in that, *inter alia*, "the style of the case was shortened to reflect 'et al.' after naming Buchanan County . . . ." Doc. 279, p. 3. When the Court ordered Plaintiffs to file the second amended complaint, the Court endorsed the shortened caption. Doc. 410, p. 11. Munger has not—and cannot—point to any prejudice resulting from the shortening of the caption in a complaint that added no new parties (and indeed, no new claims). *Compare* Doc. 78 *with* Doc. 414. *Cf. Torres v. Murillo*, No. 17-0765, 2018 U.S. Dist. LEXIS 70416, at *1 n.1 (D.N.M. Apr. 25, 2018) ("The Court pauses to point out that although Zsoka is named in the complaint's caption, the complaint

---

[3] Here, in contrast, Plaintiffs did bring wrongful death claims under state law. Those claims are not barred by Section 1983's limitation as to their personal claims.

does not actually describe Zsoka in the 'parties' portion of his pleading. This practice arguably presents an issue under Federal Rule of Civil Procedure 10 that requires the appropriate naming of parties. Under other circumstances, it could have presented personal-jurisdiction and venue issues. However, because Zsoka has answered without preserving any such defense and invoked an entitlement to immunity as opposed to a Rule 12 ground, Zsoka has likely waived any pleading deficiency.").

### III. Conclusion

For the reasons set forth above, the Corizon Defendants' motions to dismiss (Docs. 441, 468, and 471) are DENIED except that each Plaintiffs' claim on her or his own behalf under Section 1983 for injuries that Justin Stufflebean suffered is DISMISSED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  December 23, 2019
Jefferson City, Missouri