# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 5:17-cv-06058-NKL |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is the Motion to Dismiss Based on Qualified Immunity. Doc. 372. In it, defendants Dr. Catherine Van Voorn, Ann Slagle, and April Helsel[1] seek to dismiss Count IV of Plaintiffs' Complaint[2] which asserts a civil-rights claim against them, specifically deliberate indifference to a known serious medical need.

As for Dr. Catherine Van Voorn, the Court has already granted summary judgment to Dr. Van Voorn on Count IV. Doc. 632. Therefore, it denies Dr. Van Voorn's Motion to Dismiss as moot.

---

[1] During this litigation, April Helsel has also been referred to as April Powers.

[2] In the defendants' motion, they refer to the First Amended Complaint (Doc. 78) as the amended complaint they seek to dismiss. That complaint has been amended since Defendants' motion to dismiss was filed. *See* Doc. 414 (Plaintiffs' Second Amended Complaint). However, the substantive allegations against the ACH defendants did not change. Therefore, the Court did not require Van Voorn, Slagle, or Helsel to resubmit their previously filed motion to dismiss, Doc. 372, or their summary judgment motion, Doc. 370, which were pending at the time of the amendment. *See* Doc. 416. In accordance with the Court's prior orders stating that Defendants are not required to refile or reassert any motion then pending for dismissal or for summary judgment (Doc. 416), the Court treats the motion by Van Voorn, Slagle, and Helsel to dismiss the First Amended Complaint as though it were directed to the Second Amended Complaint.

As for defendants Slagle and Helsel, the Motion to Dismiss is denied because the law of the case controls Slagle's request, and in addition, Plaintiffs pleaded sufficient facts to state a plausible constitutional violation against Slagle and Helsel.

**I.     Background**

On October 26, 2015, Justin Stufflebean, son of plaintiffs Brenda Davis and Frederick Stufflebean, was sentenced for a sex crime. Immediately following his sentencing, Stufflebean was held at the Buchanan County Jail until he was transferred on October 29, 2017 to the Western Reception Diagnostic and Correctional Center ("WRDCC"). Prior to and during his incarceration, he suffered from two endocrine disorders: Addison's disease and hypoparathyroidism. Addison's disease is a disorder that occurs when the adrenal glands fail to produce sufficient amounts of cortisol, an essential hormone that helps the body cope with stress and is critical to maintaining blood pressure and cardiovascular function. Without his medication for the disease, Stufflebean was at risk of dying.

Plaintiffs' Amended Complaint, Doc. 78, alleged in Count IV that the defendants were employees of Advanced Correctional Health Care (ACH) and their job was to provide medical services to prisoners at the Buchanan County Jail. Justin Stufflebean was incarcerated there for four days and during that time, it is alleged that the defendants were deliberately indifferent to Stufflebean's known medical need for daily medication to treat his chronic diseases. Helsel and Slagle contend that Plaintiffs did not adequately plead a deliberate indifference claim against them because there are insufficient facts alleged and therefore Count IV should be dismissed as to them.

Defendants did not raise the sufficiency of Plaintiffs' pleadings until trial was imminent, after discovery was completed, and after extensive briefing on numerous other issues including motions for summary judgment. Contemporaneously with the filing of their Motion for Summary

Judgement, Slagle and Helsel filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Slagle and Helsel are entitled to qualified immunity and the case must be dismissed regardless of the evidence that was developed during the prelitigation phase of the case.

The Court has now denied summary judgment to Slagle and Helsel finding that there was a contested issue of fact as to whether these defendants knew Justin Stufflebean had a serious medical need and with that knowledge intentionally failed to reasonably address the need. The Court now turns to Slagle's and Helsel's Motion to Dismiss Based on Qualified Immunity.[3]

## II. Applicable Law

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which places defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Rule 8 does not require "detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court found that, absent a plausible constitutional claim, a public official entitled to qualified immunity should not be subjected to discovery. The Supreme Court recognized that "in [the] pleading context, . . . we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. *Id.* at 686.

---

[3] The Court assumes here, as it did in its Summary Judgment Order for the Corizon defendants (Doc. 633, p. 16), that private employees of a business that contracts with a governmental entity to provide medical services are entitled to assert qualified immunity as a defense.

However, "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010). A claim is sufficiently plausible when it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678).

Public officials "are protected from § 1983 suits by the affirmative defense of qualified immunity." *Water v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) (internal citations omitted). Qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are two factors a court must consider in analyzing the issue of qualified immunity pursuant to § 1983: (1) whether the facts alleged show that the public official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Qualified immunity is appropriate only if no reasonable factfinder could answer yes to both of these questions." *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013) (quoting *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009)).

At the dismissal stage, defendants "must show that they are entitled to qualified immunity on the face of the complaint." *Dadd v. Anoka Cty.*, 827 F.3d 749, 754. (8th Cir. 2016) (internal quotation marks omitted) (quoting *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005)). Courts addressing qualified immunity in a motion to dismiss "must consider 'whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction.'" *Id.* at 754–55 (quoting *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)). "On the merits, to defeat a qualified

immunity defense, plaintiff has the burden of proving that defendant's conduct violated a clearly established constitutional right," but at the dismissal stage "the issue is whether plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Stanley v. Finnegan*, 899 F.3d 623, 626 n.2 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678) (citing *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013)).

To state a claim for deliberate indifference, a plaintiff must show that he was suffering from an objectively serious medical need, and that prison officials knew of the need but deliberately disregarded it. *See Saylor v. Nebraska*, 812 F.3d 637, 637–44 (8th Cir. 2016). An objectively serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)).

Qualified immunity is an affirmative defense that must be pled by the defendant. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Failure to plead qualified immunity as an affirmative defense results in waiver. *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 807–8 (8th Cir. 2013).

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Carter*, 490 F.3d 641, 644 (8th Cir. 2007) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

In this case, the sufficiency of Plaintiffs' complaint regarding deliberate indifference was previously addressed. Judge Hays concluded that "the individual defendants' failure to inquire further into decedent's medical condition and/or failure to provide the necessary care may be sufficient for an Eighth Amendment violation." Doc. 60, at 9 (citing *Sanchez v. Taggart*, 144 F.3d

5

1154, 1156 (8th Cir. 1998) (finding that the failure of a nurse who had been told of an inmate's medical restrictions to make further inquiries into the inmate's medical condition was sufficient to survive summary judgment)); *see also Johnson-El v. Schoemehl*, 878 F.2d 1043, 1055 (8th Cir. 1989) (holding that "[d]elay in the provision of treatment or in providing examinations can violate inmate's rights when the inmates' ailments are medically serious or painful in nature").

**III.   Analysis**

As an initial matter, Defendants' motion is not the first motion to dismiss filed in this case. Slagle previously sought to dismiss the first complaint filed by Plaintiffs, Docs. 12, 54, and Judge Hays denied the motions to dismiss. Docs. 58, 65. The current complaint reflects technical changes and additions, but is substantially the same as the complaint that Judge Hays found sufficient. The law of the case requires the Court to deny Slagle's Motion to Dismiss.

In addition, the Court finds that Plaintiffs have put both Slagle and Helsel on notice of a plausible constitutional violation asserted against them. This is amply illustrated by the fact that these defendants filed an answer addressing Count IV, conducted extensive discovery on it, challenged Plaintiffs' experts' testimony, and filed a Motion for Summary Judgment.

While Plaintiffs' complaint does not plead specific details of Defendants' deliberate indifference, they did plead that Jason Stufflebean was placed in the care of the defendants, that they failed to properly medicate him, and that, as a result, he died. Plaintiffs identified the time period when Defendants' deliberate indifference occurred and what medicine was required to be administered and was not administered. Plaintiffs also identified Slagle and Helsel as nurses who were required to provide care to Stufflebean during his incarceration and Helsel's obligation to supervise the nurses providing care to Stufflebean at the Buchanan County Jail. The complaint described Stufflebean's disease and why the administration of his medicine was critical. It also

described a Medical Intake Form that was available to the defendants providing care to Stufflebean that showed his diseases, medications and symptoms. As Judge Hays stated in an earlier order in this case, "[o]ne may infer that defendants . . . were aware of decedent's diagnoses and, as medical professionals, were aware of the seriousness of his condition and that any failure to properly manage his condition could be fatal." Doc. 60 at 8–9. While Judge Hays did not address Helsel in her order, Judge Hays' analysis is equally applicable to Helsel. Plaintiffs' allegations are far from mere conclusions and labels and clearly put Defendants on notice of a plausible deliberate indifference claim.

Defendants' also seem to argue that Plaintiffs were required to plead facts to show that the constitutional right alleged was clearly established at the time of the violation. This is inherently a legal issue based on the facts that form the basis of a claim for deliberate indifference. As discussed above, Plaintiffs have pleaded a plausible claim for deliberate indifference to Stufflebean's known medical need.

## IV. Conclusion

For the foregoing reasons, the Court denies Slagle and Helsel's Motion to Dismiss, Doc. 372, on its merits.[4] The Court also denies Dr. Van Voorn's Motion to Dismiss as moot.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 23, 2019
Jefferson City, Missouri

---

[4] Plaintiffs also argue that defendants waived the defense of qualified immunity because they did not assert it in any pleading prior to filing the motion to dismiss. The Court need not address the issue because it finds that Plaintiffs' earlier complaint against these defendants (Doc. 78), as well as the Second Amended Complaint (Doc. 414), put the defendants on notice that a plausible deliberate indifference claim was being asserted against them.

7