IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BRENDA DAVIS, et al., | ) | |
| Plaintiffs, | ) | Case No.: 5:17-cv-06058-SJ-NKL |
| | ) | |
| v. | ) | |
| | ) | |
| BUCHANAN COUNTY, MISSOURI, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANTS BUCHANAN COUNTY, STRONG AND HOVEY'S FED. R. CIV. P. 59(e) MOTION TO ALTER OR AMEND DECEMBER 23, 2019 ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT IV OF PLAINTIFFS' COMPLAINT**

COME NOW Plaintiffs, by and through the undersigned counsel, and for The Suggestions in Opposition to Defendants Buchanan County, Strong and Hovey's Fed. R. Civ. P. 59(e) Motion to Alter or Amend December 23, 2019 Order Denying Defendant's Motion for Summary Judgment on Count IV of Plaintiffs' Complaint state as follows:

**Claimed Errors**

1. **PLAINTIFF'S 2ND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR SUPERVISORY AND MONELL LIABILITY AGAINST BUCHANAN COUNTY, STRONG AND HOVEY FOR ACH AND ITS EMPLOYEES' UNCONSTITUTIONAL ACTS**

Defendants Buchanan County, Strong and Hovey's argument that the pleadings in the Second Amended Complaint are too conclusory to state a claim against them is not properly before the Court and, moreover, is without merit. Defendants failed to raise the sufficiency of the pleadings throughout the litigation, before the close of pleadings or even in their Reply to Plaintiffs' Suggestions In Opposition to their Motion for Summary Judgment. Raising the issue in their Rule 59(e) motion is an improper attempt to bootstrap the argument when they have failed to raise it properly under any methods allowed either under Rule 12(b)(6) or Rule 12(h)(2). The repeated suggestion by counsel for these defendants (during the 11/18/19 oral arguments, pp. 56-

1

57 and in its Rule 59(e) Motion) that the first time they had any notice that Plaintiffs were basing their supervisory and Monell claims against them in part based on the acts and omissions of ACH and its employees was in Plaintiffs' Suggestions in Opposition to their Motion for Summary Judgment[1] stems from what appears to be a "whistle past the graveyard" view of this litigation—similar to the behavior of their clients. In reality, the Defendants' claim that their failure to raise the issue in their summary judgment motion or to otherwise properly file a Motion to Dismiss or for Judgment on the Pleadings flies in the face of a steady progression of pleadings and evidence. In each of their Answers (State court Petition in May, 2017; the First Amended Complaint in September 2018 and the Second Amended Complaint in July 2019) the Buchanan County Defendants asserted the affirmative defense of qualified immunity as follows:

> "For other affirmative answer and defense, Answering Defendants allege that any and all actions ***or acts committed by them or on their behalf*** were discretionary in nature and taken in good faith and were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, these Defendants are protected from liability by the doctrine of qualified immunity…. For other affirmative answer and defense, Answering Defendants state any and all actions ***or acts committed by them or on their behalf*** were proper, reasonable and appropriate, and that they are protected by qualified immunity, official immunity, absolute immunity and/or judicial immunity."

The fact that one of the bases of Plaintiffs' *Monell* and supervisory liability claims against them were the acts and omissions of ACH and its employees was clearly laid in Plaintiff's expert Dr. Lori Roscoe's initial Rule 26 Report filed with the Court on February 14, 2019 (Doc. 207-2)(stating at pp. 14-15: "Buchanan County had an obligation to provide healthcare to its incarcerated persons at the jail. It chose to contract healthcare services to ACH, but it still had a

---

[1] Per Mr. Cadoret: "The first time that the defendants even mentioned the sheriff and the jail captain and the county as being liable under *Monell*, which they don't mention in the complaint, but the only -- the first time they even mentioned it in relation to what an ACH employee did or didn't do is in their response to our motion for summary judgment." (11-18-19 Hearing, PP. 56-57).

2
Case 5:17-cv-06058-NKL    Document 653    Filed 02/10/20    Page 2 of 12

responsibility to monitor the care being provided and ensure that ACH and its staff were adhering to the policies and procedures for health services…. However, there was no oversight, and both healthcare staff and officers failed in their responsibilities to Mr. Stufflebean. These failures not only breached the standard of care but were in violation of their policies and procedures.") Dr. Roscoe fleshed out their liability for ACH and its employees' acts and omissions even further in her Supplemental Rule 26 Report emailed to them on June 24, 2019 (Court Doc. 388-1)(stating: "there was a widespread persistent pattern of failure to provide medication to the patients at the Buchanan County Jail. Because the Sheriffs (Strong and Puett) and the Jail Administrator (Hovey), who was the Responsible Health Authority, failed to carefully monitor the activities and audits completed by ACH, the multiple irregularities of the reports submitted (including the recording of data for future dates) went unchallenged…. The failure of the Sheriff and jail administration to ensure that the incarcerated persons' health needs were met also breaches the administrative standard of care. While they contracted with ACH to provide for the health needs of their inmate population, their lack of attentiveness to and monitoring of the care provided significantly breached their administrative obligations and standard of care.").

Plaintiffs' claims against Buchanan County, Strong and Hovey based on liability for the acts and omissions of ACH and its employees were also thoroughly discussed in the briefing and the Court's opinions on Buchanan County's motions to Strike the Standard of Care Opinions in Plaintiff's Expert Lori Roscoe's initial and supplemental reports (Court Docs. 340, 353) as well as in Buchanan County's Motion to Dismiss Plaintiff's state tort claims which included an argument by Buchanan County that the ACH insurance policies did not cover Buchanan County's direct negligence, but covered Buchanan County and Sheriff Strong for liability "for them only for the work [ACH] performed or should have performed on their behalf." (Court Docs. 263, 341, 410).

3

In sum, defense counsel's suggestion his clients had not notice of these claims on any front doesn't hold water.

Because Rule 12(h)(2) appears to authorize them one more bite at the apple by raising failure to state a claim at trial, however, the Court can easily address the question on the merits to preclude further argument. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to place defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Rule 8 does not require "detailed factual allegations...." *Id*. at 555 (citations omitted). The question is whether the complaint sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

There can be no doubt that the complaint adequately pleads facts that allow the Court to draw the reasonable inference that each of the Defendants is liable for Section 1983 violations based in part on the acts and omissions of ACH and its employees. While Plaintiffs' complaint does not plead specific details of each Defendant's deliberate indifference through failure to supervise ACH and its employees, See Doc. 414 (Second Amended Complaint), it fairly states a plausible claim on that basis: ¶ 5a-b (alleges the County, through its commissioners, was responsible for funding medical care for prisoners and that it contracted with ACH to do so); ¶ 6 (alleges the County, through its commissioners' "policies, lack of policies, training and personnel management decisions resulted in violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition."); ¶ 7 (alleges "Defendant

Strong…was at all relevant times hereinafter mentioned the Sheriff of Buchanan County", that he was "responsible for the management of the Buchanan County Jail", that he "had a statutory duty under Missouri Law to attend to the medical needs of inmates housed in the Buchanan County Jail", and that he "at all relevant times possessed final policy making authority for the County, and it was those policies, lack of policies, training and personnel management decisions that resulted in a violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition."); ¶ 8 (alleges "Defendant Captain Jody Hovey…was [a]t all times relevant hereto the Administrator of…the Jail, and the supervisor of jail staff," and that "Defendant Hovey at all relevant times possessed final policy making authority for the County, and it was those policies, lack of policies, training and personnel management decisions that resulted in a violation of Justin Stufflebean's Constitutional Rights and resulted in a deliberate indifference to his serious medical condition."); ¶ 78 (alleges that Buchanan County, Strong and Hovey failed to "communicate, ***supervise***, provide necessities, implement appropriate policies and procedures…to follow existing policies and procedures; to ***assess Justin Stufflebean's current and continuing medical status*** while detained…to ***assess Justin Stufflebean's chronic health conditions*** and appreciate[e] their risk to his health and life…to plan appropriately in order to meet all health needs of Justin Stufflebean…***to evaluate the care or lack of care provided to Justin Stufflebean*** in order to make appropriate changes…and to ***develop and implement a classification system*** that safeguarded Justin Stufflebean's medical conditions."); and ¶ 92 (incorporates all of the preceding allegations as the basis for Plaintiff's constitutional claims against each of the defendants and also refers to prior instances of injuries to inmates at the Buchanan County jail under similar circumstances).

"The Supreme Court invalidated heightened pleading requirements in section 1983 suits against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 8(f), which states 'pleadings shall be so construed as to do substantial justice.' ... At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Z.J. v. Kansas City*, No. 4:15-CV-00621-FJG, 2016 WL 4126569, at *6 (W.D. Mo. Aug. 2, 2016) (quoting *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly, 550 U.S.* at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010). Under these standards, the foregoing allegations provide more than sufficient "factual content that allows the court to draw the reasonable inference that the defendants[s] [are] liable for the misconduct alleged"[2] and most certainly foretold of the well-supported factual basis for the Court's denial of summary judgment to these defendants. A fair reading of the complaint is that each defendant knew that ACH was providing medical services; each defendant was a final decision maker and responsible for policies, procedures and oversight; that each defendant failed to properly supervise and administer a system with prior instances of

---

[2] *Gomez*, 676 F.3d at 660.

serious injury or death to inmates due to failure to provide adequate or timely medical treatment provided by ACH.

### 2. PRIOR LAWSUIT EVIDENCE WAS IRRELEVANT AND DID NOT PUT STRONG AND HOVEY ON NOTICE OF MATERIAL ISSUES

In their second point in support of their Rule 59(e) Motion, Defendants re-hash the arguments they raised in the Motion for Summary Judgment and, again, adopt a "whistle by the graveyard" approach by focusing on only two of the possible sources of their supervisory liability—Ann Slagle and Dr. Van Voorn. Defendants ignore, however, the fact this Court's ruling was based not only on their responsibility for supervising Ann Slagle and her history of failing to provide medication and treatment to prisoners who were not getting their medication, but on their responsibility for supervising ACH and its employees as a whole. Notice to Strong and Hovey of ACH's overall, systemic and longstanding violations of prisoners' constitutional rights through repeated failures to provide timely treatment and medications for serious medical conditions stems not only from the *Wilkerson* and *Fee* cases, but from a litany of other evidence this Court analyzed in depth in its Judgment. Defendants also appear to be in continued denial of the federal lawsuit filed by Wilkerson (*Wilkerson v. Strong, Hovey, Van Voorn, et al.*, 5:12-cv-00618) that led to the subsequent state court lawsuit against ACH and Van Voorn (*Wilkerson v. Van Voorn and ACH*, 14BU-CV02595) when Judge Fenner severed the plaintiff's ancillary state law claim for medical malpractice on June 12, 2013 (5:12-cv-00618, Doc. 60). The same defense firm represented Strong and Hovey in the federal lawsuit by Mr. Wilkerson as in this case. In the federal lawsuit, Mr. Wilkerson repeatedly alleged Strong and Hovey failed to follow their own policies in providing medical care; refused to provide his prescribed medications; hired and retained unskilled medical providers; failed to provide appropriate evaluation and treatment; disregarded repeated complaints; failed to take an appropriate medical history; failed to report known indicia of illness

and conditions to the treating physician and failed to review and monitor medical services allegedly provided by Dr. Van Voorn and/or the nursing staff—resulting in serious injuries. (5:12-cv-00618, Doc. 41, ¶¶ 43, 51, 56). Far from failing the *Batiste-Davis* test, the *Wilkerson* lawsuit is a playbook for every failure documented in this case.

Further, Strong and Hovey each filed declarations in support of their Motion for Summary Judgment (5:12-cv-00618, Doc. 121-1 (Strong declaration attached hereto as Exhibit 1) and 121-3 (Hovey declaration attached hereto as Exhibit 2) which the Court can notice judicially as part of its own files. Their declarations make it clear Strong and Hovey each understood the *Wilkerson* lawsuit involved claims that Dr. Van Voorn, ACH and its nurses were providing inadequate or inappropriate health care to inmates at the Buchanan County Jail. Suggesting the *Wilkerson* federal and/or state lawsuits did not put Strong and Hovey on notice of potentially serious failures in the provision of medications and medical treatment by ACH and ACH's nurses (or that the Court's dismissal of Dr. Van Voorn from this lawsuit removes the basis for supervisory liability) is disingenuous.

The analysis is similar for the *Fee* case. Defendants strive to limit the case to allegations about Slagle when she is only one part of the ACH equation—which overall clearly involves failure to provide Mr. Fee with his necessary medications after notice by both Mr. Fee and his father and failing to provide proper medical care resulting in serious injuries. The Defendants also vastly understate the allegations against Slagle which were a harbinger of how she would treat Justin Stufflebean—failing to evaluate his condition through proper examination; failing to convey critical medical information to the medical doctor; failing to treat his condition which was associated with the failure to provide him his medications. (*Fee* Petition, ¶¶ 50; 51; 54-59; 180). There is also reference to an unidentified member of the medical staff who told Fee's father they

would not give Fee all of the medications his father had brought to the jail and then became hostile when Fee's father attempted to discuss the necessity of those medications. (*Fee* Petition, ¶¶ 37, 38). The *Fee* case satisfies the *Batiste-Davis* test and was another huge red flag which Strong, Hovey and Buchanan County ignored.

> 3. **THE COURT ERRED IN FINDING THAT A REASONABLE FACTFINDER COULD CONCLUDE THAT STRONG AND HOVEY'S FAILURE TO OVERSEE ACH'S ADMINISTRATION OF MEDICATIONS CONSTITUTED DELIBERATE INDIFFERENCE TO STUFFLEBEANS SERIOUS MEDICAL NEEDS.**

Defendants' final point is a reiteration of their argument that Strong and Hovey cannot have been put on notice that Slagle would fail to properly administer medication based on *Wilkerson* and *Fee*. We have addressed the substantial similarities in those cases which satisfy the *Batiste-Davis* test not only by failure to provide medications as prescribed by the plaintiffs' outside physicians, but in overall failure to evaluate, medicate and treat inmates' serious medical conditions associated with the failure to provide them with their medications. Buchanan County contracted with ACH to provide medical care to its inmates. The Court has determined that ACH has *Monell* liability in this case. Parsing Strong and Hovey's liability down to notice of prior failure to provide medication by Slagle alone is too fine a cut. First, the Court's evaluation of Slagle's liability in this case is based on more than failure to provide medication. Further, her failures in providing care to Mr. Fee are very similar to her failures in caring for Justin Stufflebean and are definitely associated with an overall failure to provide Fee with his critical medications. Second, Strong and Hovey essentially turned over their nondelegable, constitutional and policy obligations to ACH such that ACH's failures should be construed "just as if Strong and Hovey had failed to deliver those services themselves." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989). Even if knowledge of *Wilkerson* and *Fee* did not put Strong and Hovey on notice that <u>Slagle</u> would fail

to administer medication (which we dispute), the cases certainly put them on notice that ACH and its nursing staff had overall systemic failures in providing critical medications to prisoners.

Finally, the Defendants' prayer for relief suggests the Court should reverse decision and grant summary judgment not only to Strong and Hovey, but to Buchanan County. They don't even try to argue that the Court's ruling that Plaintiffs have made a submissible case that Buchanan County has *Monell* liability based on ACH's failures was improper. They simply have no basis for asking for such relief in their prayer.

WHEREFORE, for all the foregoing reasons, Plaintiffs ask the Court to deny the Buchanan County Defendants' Rule 59(e) Motion and for such other and further relief as the Court deems just and proper under the circumstances.

    Respectfully submitted,

    THE BIRD LAW FIRM, P.C.

    */s/ William W. Bird*
    William W. Bird
    Attorney at Law
    Missouri Bar Number 46742
    1212 Frederick Avenue
    Saint Joseph, Missouri 64501
    Telephone: 816-279-8800
    Fax: 816-279-0200
    Email: birdlawfirm@hotmail.com

KRANITZ, SADOUN & CARPENTER, PC

/s/*Michelle D. Carpenter*
Michelle D. Carpenter
Attorney at Law
Missouri Bar Number: 56327
P.O. Box 968
825 Francis Street
Saint Joseph, Missouri 64502
Telephone: 816-232-4409
Facsimile: 816-232-8558
Email: mcarpenter@krantizlaw.com
Website: www.kranitzlaw.com
***Attorneys for Plaintiff Brenda Davis***

LAW OFFICE OF PAM BLEVINS, LLC

*/s/Pamela K. Blevins*
Pamela K. Blevins - #44384
510 N. 4th Street
St. Joseph, MO 64501
Telephone: (816) 273-0151
Facsimile: (816) 273-0149
pam@pamblevinslaw.com
***Attorney for Plaintiff Fred Stufflebean***

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2020, I served the foregoing via the Court's ECF system on all parties as follows:

Jeffrey A. Bullins
J. Wesley Smith
Simpson Logback Lynch Norris P.A.
7400 W. 110th Street
Suite 600
Overland Park, Kansas 66210
913-342-2500
jbullins@slln.com
wsmith@slln.com
*Attorneys for Defendant Michelle Munger*

Kenneth Berra
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-523-4667
kberra@fisherpatterson.com
*Attorney for Defendants Buchanan County Missouri, Harry Roberts, Dan Hausman, Ron Hook, Michael Strong, Jody Hovey, Brian Gross, Natalie Bransfield, and Dustin Nauman*

John Hicks
Emily Tung
Norris Keplinger LLC
9225 Indian Creek Parkway
Building 32, Suite 750
Overland Park, Kansas 66210
JHicks@nkfirm.com
ETung@nkfirm.com
*Attorneys for Defendants Advanced Correctional Healthcare, Catherine M Van Voorn, Ann Marie Slagle, LPN, and April Powers, LPN*

Roger W. Slead
Richard M Acosta
Horn Aylward & Bandy, LLC
2600 Grand Ave., Suite 1100
Kansas City, Missouri 64108
816-595-7704
rslead@hab-law.com
racosta@hab-law.com
*Attorneys for Defendants Corizon Health, Inc, Alice A Bergman, Amy Mowry, and Karen S. Williams*

M. Bradley Watson
Logan Logan & Watson, L.C.
8340 Mission Road, Suite 106
Prairie Village, Kansas 66206
913-381-6546
bwatson@loganlaw.com
*Attorneys for Defendant Frederick Covillo*

                                                    */s/ William W. Bird*
                                                    William W. Bird