# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 5:17-cv-06058-NKL ) |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendants Buchanan County, Missouri, Brian Gross, Jody Hovey, and Mike Strong (the "Buchanan County Defendants") move to dismiss Count I of the second amended complaint, which alleges wrongful death under Missouri law. Doc. 484. For the following reasons, the Court denies the Buchanan County Defendants' motion to dismiss.

**I.     Factual Background**

Count I of the second amended complaint alleges that the Buchanan County Defendants failed to provide Justin Stufflebean appropriate medical care during his three-day incarceration at the Buchanan County Jail. Stufflebean, who suffered from two endocrine disorders, was not given his prescription medications for several days at the jail and the Missouri Department of Corrections prison to which he subsequently was transferred. Within days of his incarceration, Stufflebean died.

At the relevant time, Buchanan County was covered by an insurance policy from Atlantic Specialty Insurance Company (the "Atlantic Specialty Policy") that expressly disclaims any "duty to pay damages on your behalf under this policy unless the defenses of sovereign and governmental

immunity are inapplicable to [Buchanan County]." Doc. 278-1. The Atlantic Specialty Policy also specifies that the policy "does not constitute, nor reflect an intent by [the county], to waive or forego [*sic*] any defenses of sovereign and governmental immunity available to any Insured . . . ." *Id.*, p. 2.

However, the contract between Buchanan County and its medical provider, fellow defendant Advanced Correctional Healthcare ("ACH") provides as follows:

> 5.11.4 ADDITIONAL INSUREDS. ACH agrees to name the SHERIFF and the COUNTY as an additional insured under the Commercial Automobile, Commercial General, and Professional Liability portions of insurance and provide the COUNTY with a Certificate of Insurance specific to correctional facilities evidencing the terms of the insurance coverage and policy limits.

Doc. 278-4.

ACH's medical liability, including for civil rights, is covered by Arch Specialty Insurance Company (the "Arch Policy"). Doc. 278-5. The Arch Policy does not contain language preserving sovereign or governmental immunity. However, the Arch Policy also does not identify any additional insureds. Yet, Buchanan County also has produced certificates of liability insurance showing coverage as follows: Commercial General Liability coverage for $1,000,000 and Umbrella Liability coverage for $10,000,000, issued by Selective Insurance Group, and "Medical Professional Liability including Civil Rights" coverage for $1,000,000 issued by Essex Insurance Company. Docs. 278-8, 278-9. The Certificates state that "Buchanan County, MO and the Sheriff of Buchanan County, MO are included as additional insured under the General Liability and Professional Liability coverage if required by contract in writing." *Id.*

## II. Procedural Background

In response to the Buchanan County Defendants' partial motion to dismiss for failure to state a claim based on sovereign immunity, Plaintiffs moved to amend their first amended

2

complaint in order to allege that Buchanan County waived sovereign immunity by procuring insurance for tort claims. Doc. 279. The Court granted the Buchanan County Defendants' motion to dismiss but gave Plaintiffs leave to file an amended complaint to assert the insurance exception to sovereign immunity, rejecting the Buchanan County Defendants' argument that the insurance exception to sovereign immunity did not apply because "the mere fact that Buchanan County required a third party to make it an additional insured does not resolve the issue [of waiver of sovereign immunity] as a matter of law." Doc. 410, p. 9.

Plaintiffs filed the second amended complaint on July 9, 2019. Doc. 414. The second amended complaint differed from the first amended complaint in that it adds two allegations concerning waiver of sovereign immunity. First,

> At all relevant times, Defendant Buchanan County secured and had insurance coverage applicable to the tort claims asserted herein which did not preserve sovereign immunity.

*Id.*, ¶ 5(c). Second,

> At all relevant times, Defendant Strong had insurance coverage applicable to the tort claims asserted herein which did not have a provision preserving sovereign immunity for claims against him in his official capacity.

*Id.*, ¶ 7(g). Defendants now move to dismiss the second amended complaint on the ground of sovereign immunity.

### III. Standard on Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and

where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. The Court must construe the complaint "in the light most favorable to the plaintiff" and "assume that all the facts alleged in the complaint are true." *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1059 (8th Cir. 2003) (quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. Discussion

The Court has already dismissed the official-capacity claims against the individual Buchanan County Defendants. Therefore, the only question raised in the motion to dismiss that is not moot is whether sovereign immunity bars the wrongful death claim against Buchanan County as a matter of law.

Sovereign immunity remains the "general rule" in Missouri, protecting public entities from liability for state tort law claims unless a specific exception applies. *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. 2009); *Div. of Emp't Sec. v. Bd. of Police Comm'rs*, 864 F.3d 974, 981 (8th Cir. 2017). Plaintiffs bear the burden of alleging facts showing that an exception applies. *Newsome v. Kansas City, Mo. Sch. Dist.*, 520 S.W.3d 769, 776 (Mo. 2017) ("Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case. This is well settled." (quotations omitted)), *reh'g denied* (June 27, 2017). "Statutory provisions waiving sovereign immunity must be strictly construed." *Richardson v. State Hwy & Transp. Com'n*, 863 S.W.2d 876, 880 (Mo. banc 1993).

Under Missouri law, a political subdivision that purchases applicable liability insurance waives sovereign immunity. Mo. Rev. Stat. § 537.610.1 ("The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state, notwithstanding any other provision of law, may purchase liability insurance for tort claims, made against the state or the political subdivision . . . . Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state."); *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 841 (8th Cir. 2003). The question on the present motion is whether Buchanan County waived sovereign immunity because (i) it required its medical services provider, ACH, to insure it and (ii) indeed, Buchanan County and its Sheriff are named as additional insureds under ACH's policy.

In support of their motion to dismiss the wrongful death claim on the ground of sovereign immunity, the Buchanan County Defendants argue that the insurance exception to sovereign immunity applies only if the governmental entity "voluntarily subject[s] itself to a lawsuit by 'purchasing' insurance." Doc. 485, p. 7. Defendants argue that because Buchanan County preserved its sovereign immunity defense in the Atlantic Specialty Policy, the only policy it procured directly for itself, the county cannot be said to have voluntarily waived sovereign immunity. Defendants relatedly contend that it would be "incongruous" to find that Buchanan County "*involuntarily* waived sovereign immunity because a contractor, ACH, purchased separate insurance which happens to name the County and Sheriff as insureds, notwithstanding any contractual provision between the County and ACH." *Id.*, p. 8 (emphasis in original).

5

Defendants' argument that Buchanan County only "involuntarily" waived sovereign immunity because ACH purchased insurance is not persuasive. Buchanan County expressly *required* ACH "to name the SHERIFF and the COUNTY as an additional insured under the Commercial Automobile, Commercial General, and Professional Liability portions of insurance and provide the COUNTY with a Certificate of Insurance specific to correctional facilities evidencing the terms of the insurance coverage and policy limits." Buchanan County has not pointed to any language in the contract preserving its sovereign immunity defense. Thus, in contractually requiring ACH to add it as an additional insured, Buchanan County voluntarily sought insurance from ACH without preserving the sovereign immunity defense.

Defendants argue that "Missouri courts" have "rejected" the idea that a political subdivision can waive sovereign immunity without purchasing insurance directly from an insurer, citing *Gregg v. City of Kansas City*, 272 S.W.3d 353 (2008). However, in *Gregg*, unlike in the present case, the government entity was not insured. Thus, *Gregg* does not hold, as the Buchanan County Defendants suggest, that a government entity may be deemed to have waived sovereign immunity only where it purchased insurance directly. In fact, dicta in *Gregg* suggests that an entity that "require[s]" another entity to purchase liability insurance for its protection has effectively purchased insurance. *See id.*, at 363 ("[W]e could not ignore the undisputed fact that the Board in this instance did not require either the City or [the relevant employee] to purchase liability insurance protecting the Board."). The implication of this language in *Gregg* is that requiring an employee to purchase liability insurance for the employer's protection could meet the statutory requirement for waiver of sovereign immunity. The Court sees no reason for treating ACH, a contractor, differently than an employee of a political subdivision for purposes of determining whether there has been a waiver of sovereign immunity.

As the Court stated in its ruling on the Buchanan County Defendants' motion to dismiss

the first amended complaint, Section 537.600 *et seq.* does not define "purchase." Doc. 410, p. 8. However, as the Missouri Supreme Court has stated, "the word purchaser . . . may be employed in the broad sense to include anyone who obtains title otherwise than by descent and distribution" or to "refer[] to a vendee or buyer who has purchased property for a valuable consideration." *Becker Elec. Co. v. Dir. of Revenue*, 749 S.W.2d 403, 406 (Mo. 1988). Other courts interpreting the statutory language of Section 537.610.1 have found that the allegation that a city was self-insured through the Public Facilities Protection Corporation was sufficient to plead waiver of sovereign immunity under Section 537.610.1. *Aldridge v. City of St. Louis, Missouri*, No. 18-1677 CAS, 2019 WL 1695982, at *13 (E.D. Mo. Apr. 17, 2019); *Fortenberry v. City of St. Louis*, No. 4:18-CV-01937-JCH, 2019 WL 1242671, at *7 (E.D. Mo. Mar. 18, 2019). Thus, "purchase" has a more fluid connotation in this context than the Buchanan County Defendants suggest. As such, given Buchanan County's procurement of insurance through its contract with ACH, the Court cannot say that the Buchanan County Defendants are entitled to dismissal of the wrongful-death count on the ground of sovereign immunity.

On reply, the Buchanan County Defendants raise several new arguments for the first time. First, they argue that Buchanan County did not authorize or delegate power to ACH to waive sovereign immunity on the county's behalf. This argument misses the mark. It is not ACH, but Buchanan County itself, through the contractual requirement that ACH insure Buchanan County and the Sheriff, that waived sovereign immunity. Had Buchanan County intended to preserve sovereign immunity as a defense, it could have so specified when it required ACH to procure insurance coverage for itself and the Sheriff.

Similarly, the argument that, because the contract between Buchanan County and ACH expressly states that it is not intended to be for the benefit of any third party, it cannot be used to

establish waiver of the sovereign immunity defense, is without merit. Plaintiffs here are not seeking a benefit under or enforcement of the contract. The contract, as a document defining the legal relationship between Buchanan County and ACH, is relevant because it clarifies that Buchanan County demanded that ACH insure it.

Insofar as Defendants suggest that the policy was intended to protect Buchanan County and the Sheriff "from tort liability due to acts and/or omissions by ACH and/or its employees," rather than "the acts and/or omissions of Buchanan County or its employees," the argument does not warrant dismissal, as nothing in the complaint suggests that Plaintiffs do not seek to hold Buchanan County and the Sheriff liable for the acts and omissions of ACH and its employees. As the Court has previously observed, the Buchanan County Defendants' obligations to provide care for those in their custody is non-delegable.

The argument that Plaintiffs' allegation that the Buchanan County Defendants "secured and had insurance coverage" is insufficient to plead a sovereign-immunity exception because it does not state that Buchanan County "purchased" the insurance also fails. No "magic words" are required to plead a claim. *Romine v. Acxiom Corp.*, 296 F.3d 701, 710 (8th Cir. 2002) ("To dismiss plaintiffs' claim because they fail to state the magic words . . . is improper and inconsistent with the liberal pleading requirements of Fed. R. Civ. P. 8(a)(2)."). The pleading put Defendants on notice of the sovereign-immunity exception under Federal Rule of Civil Procedure 8, as evidenced by the fact that Defendants premised their motion to dismiss on the argument that the sovereign-immunity exception does not apply. Nothing more is required.

Because Buchanan County contractually required ACH to insure Buchanan County and the Sheriff, without preserving sovereign immunity, and because Buchanan County was an additional insured under ACH's policy, there is no basis on the present motion to dismiss Count I on the

ground of sovereign immunity.

**V.      Conclusion**

For the reasons discussed above, the Buchanan County Defendants' motion to dismiss, Doc. 484, is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  March 18, 2020
Jefferson City, Missouri