IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 5:17-cv-06058-NKL |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) |
| Defendants. | ) |

**AMENDED ORDER[1]**

Defendants Catherine Van Voorn, M.D., Ann Slagle, and April Helsel move to strike the punitive damages claim against them in Count IV (Doc. 370).[2] For the reasons discussed below, the Court grants the motion.

**I.  Standard**

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Durham D &M, LLC*, 606 F.3d 513, 518 (8th Cir. 2010) (citing *Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005)); Fed. R. Civ. P. 56(a). The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

---

[1] The Order has been updated to reflect that Plaintiffs sought exemplary damages in connection with their wrongful death claims. Doc. 414, ¶ 84.

[2] Van Voorn, Helsel, and Slagle did not move to strike Plaintiffs' request for exemplary damages in Count II. *See* Doc. 370 (ACH Defendants' motion titled, in relevant part, "Motion for Partial Summary Judgment on Count IV of Plaintiffs' Complaint and Accompanying Request for Punitive Damages"); Doc. 371, pp. 18-21 (ACH Defendants' suggestions in support discussing the standard for punitive damages in Section 1983 cases alone).

party's case, and on which that party will bear the burden of proof at trial." *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While the moving party bears the burden of establishing a lack of any genuine issues of material fact, *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010), the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue of material fact for trial." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Id*. "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019) (quotation marks and citation omitted).

In a case asserting deliberate indifference, punitive damages may be awarded "[w]hen the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Washington v. Denney*, 900 F.3d 549, 564 (8th Cir. 2018) (quotation marks and citation omitted).

**II.  Discussion**

  **i.  Doctor Van Voorn**

Because the Court has granted Dr. Van Voorn summary judgment on the Section 1983 claim in Count IV (Doc. 632), Dr. Van Voorn is entitled to summary judgment as to Plaintiffs' request for punitive damages in Count IV as well. *See Fletcher v. Tomlinson*, 895 F.3d 1010, 1023 (8th Cir. 2018) ("If a plaintiff's underlying claim fails, then a plaintiff's claim for punitive damages necessarily fails.") (quotation marks and citation omitted).

### ii. Nurse Slagle

Punitive damages for deliberate-indifference claims are appropriate only where conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Washington*, 900 F.3d at 564 (quotation marks and citation omitted). Only actions that are "outrageous, intentional, or malicious" justify the imposition of punitive damages. *Id.* at 565.

The Eighth Circuit's standard for imposing punitive damages is high. In *Washington*, where prison officials repeatedly ignored an asthmatic inmate's complaints about secondhand smoke and medical staff instructions to assign him non-smoking cellmates, despite knowing that the secondhand smoke posed "a serious risk" to the inmate's health, the Eighth Circuit vacated the jury's award of punitive damages, finding that the evidence did not show that the officials' actions "were outrageous, intentional, or malicious to justify imposition of a punitive damages award." *Id*.

The Eighth Circuit has found punitive damages appropriate only in extreme circumstances. In *Schaub*, where an official knew that his correctional institution could not accommodate a prisoner's serious medical needs, but lied in response to a judicial inquiry concerning the institution's ability to prevent further injury to the prisoner, and the official thereafter failed to take sufficient steps to provide the prisoner with the necessary care or to remove from the institution, the Eighth Circuit upheld an award of punitive damages. *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011). More recently, the Eighth Circuit held, in an excessive-force case, that "the extensive injuries suffered" by the plaintiff, "as well as his testimony that he was beaten after he complied with the officers and after he was handcuffed" supported an award of punitive damages. *Fletcher*, 895 F.3d at 1024.

3

Case 5:17-cv-06058-NKL   Document 695   Filed 05/22/20   Page 3 of 5

Plaintiffs argue that Slagle's "obvious lies about Stufflebean coming to the infirmary . . . ; her failure to see him and assess him even though she had to go to booking to pick up his medications on October 26th . . . ; her failure to get him his medications on the 27th after Van Voorn ordered her to give him his medications" are sufficient to support an award of punitive damages. Doc. 474, p. 41. Plaintiffs cite no case law in support of their arguments on this point.

The Court, having considered the evidence in the record, and construing the evidence in the light most favorable to Plaintiffs, finds that Slagle's conduct is closer to the conduct of the prison officials in *Washington* than the official in *Schaub*. Thus, the Court concludes that, under the high standard that the Eighth Circuit applies, Plaintiffs' claim for punitive damages against Slagle in Count IV cannot survive summary judgment.

### iii. Nurse Helsel

The Court has already concluded that Helsel's failure to supervise Slagle with respect to timely administration of medications could form the basis of a deliberate indifference claim against Helsel. Plaintiffs argue that Helsel's "failure to train; her falsification of training records; her falsification of CQI data; her failure to ensure nursing coverage at the jail; hundreds of medication errors; [and] dozens of prisoner grievances" are factors supporting an award of punitive damages. Doc. 474, p. 43.

Having reviewed the record, the Court finds that, under the high standard applied in the Eighth Circuit, discussed further above, there is insufficient evidence of outrageous, malicious, or reckless conduct to support an award of punitive damages against Helsel in Count IV.

### III. Conclusion

For the reasons set forth above, the Court GRANTS the motion in Doc. 370 to strike the request for punitive damages in Count IV against Van Voorn, Slagle, and Helsel.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 22, 2020
Jefferson City, Missouri