IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 5:17-cv-06058-NKL ) |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Defendants Brian Gross and Dustin Nauman move pursuant to Federal Rule of Civil Procedure 59(e) for alteration or amendment of the Court's March 30, 2020 order (Doc. 668) insofar as it denied them summary judgment on Plaintiffs' wrongful-death claims (Count I). For the reasons discussed below, the Court denies the motion to alter or amend its prior order.

**I.     Standard**

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks and citation omitted).

The Court has "broad discretion in determining whether to grant a motion to alter or amend judgment . . . ." *Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997).

## II. Discussion

### a. Gross's Arguments Regarding the Moden Affidavit and Strong's Testimony

Gross's arguments concerning the Moden Affidavit and Sheriff Strong's testimony concerning Gross's duties in the courtroom are rejected for the reasons stated in the Court's order on Gross's motion to amend or correct the summary judgment order on the Section 1983 claims against him (Doc. 682). *See also* Doc. 693, p. 3 (reply suggestions acknowledging that the Court's rulings on these issues constitute the law of the case).

### b. Nauman's Arguments Regarding the Prior Medical Intake Screening Form

Nauman's argument that the Court misstated his testimony concerning the availability of Stufflebean's prior medical intake screening form is rejected for the same reason that the Court rejected Gross' argument concerning Strong's testimony about his courtroom duties. Buchanan County expressly acknowledged that "[w]hen Plaintiffs' counsel first asked Defendant Nauman about the 2014 Medical Intake Screening form, Nauman stated that he was not certain." Doc. 564, p. 34 (Buchanan County Response to Plaintiffs' Statement of Additional Facts); *see also* Doc. 447-8, 37:11-13 ("Q. Where would you have been able to access it, or could you have accessed it if you wanted to? A. I'm not sure."). The fact that Nauman stated otherwise elsewhere in his deposition and in an affidavit does not warrant summary judgment in his favor. At best, it creates a disputed issue of fact. Nauman argues that the testimony Plaintiffs cite merely shows that Nauman did not know *where* to access Stufflebean's prior medical screening questionnaire, and not that he did not know *whether* it was accessible. However, the task of interpreting or harmonizing Nauman's ambiguous testimony is not the province of the Court upon a motion for summary judgment; it is the province of the jury at trial. Upon a motion for summary judgment, the Court is obligated to construe the facts in the light most favorable to the non-movants, the

Plaintiffs. *Johnson v. McCarver*, 942 F.3d 405, 408 (8th Cir. 2019). Thus, amendment on the proposed ground would be inappropriate.

Nauman's argument that the Court erred in finding that there is evidence showing that, "[a]lthough the Medical Intake Screening Form asks for the 'dosage, and frequency' of medications, Nauman did not document that information," is without foundation. There is no dispute that the form asks for the dosage and frequency of medications, and that Nauman did not document that information. Thus, there was no error in the Court's statement. Insofar as Nauman argues that the "implication of the Court's finding" is that Nauman failed to ask Stufflebean about the required dosage, Nauman is mistaken. As a preliminary matter, the Court has made no factual finding. As explained above, fact-finding is not the Court's function on a summary judgment motion. The Court merely concluded, based on the evidence in the record, and notwithstanding Nauman's testimony that he asked Stufflebean for dosage information and Stufflebean failed to provide it, that a reasonable juror could conclude that Nauman did not ask for that information. Just because Nauman says he asked for the information does not mean that the Court should credit that testimony on Nauman's motion for summary judgment. In fact, reaching the conclusion for which Nauman argues would contravene the Court's obligation to view the evidence in the light most favorable to the Plaintiffs.

### c. Defendants' Arguments Concerning the Merits of the Wrongful Death Claim

Gross and Nauman both argue that the Court failed to address their argument that Plaintiffs have failed to present evidence sufficient to establish a wrongful death claim against them. First, they argue that a medical malpractice standard, rather than a simple negligence standard, applies to the conduct of Gross and Nauman. By statute, Missouri imposes a particular set of requirements on claims for damages "against a health care provider for personal injury or death arising out of

the rendering of or failure to render health care services." However, the Court sees no reason why a medical malpractice standard should be applied to Plaintiffs' claims against Gross and Nauman, who are accused of having breached ministerial, not medical, duties. The fact that the alleged breaches of ministerial duties led to medical consequences for Stufflebean does not transform Plaintiffs' claims for negligence into medical-malpractice claims.

Gross and Nauman cite a prior decision by Judge Hays in this case dismissing Plaintiffs' wrongful death claims against all defendants without prejudice for failure to provide a medical affidavit as required by Missouri statute. However, as Judge Hays noted in that decision, Plaintiffs did not oppose the motion by the Buchanan County Defendants for dismissal without prejudice on that ground. Doc. 60 p. 2 and n.2. Therefore, Judge Hays was not required to—and did not—determine as a legal matter whether Plaintiffs' tort claims against Gross and Nauman sounded in medical malpractice. Her decision dismissing the wrongful death claims without prejudice thus does not constitute the law of the case on the question of whether the tort claims against Gross and Nauman sound in medical malpractice.

Gross and Nauman are not "health care providers" within the meaning of the statute. *See* Mo. Rev. Stat. § 538.205(6) (defining "Health care provider" as "any physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility . . . , dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides health care services under the authority of a license or certificate"). None of the parties has suggested that either Gross or Nauman provided or should have provided health care services to Stufflebean. Thus, the requirements for a medical-malpractice claim do not apply to

either Gross or Nauman. Plaintiffs needed only to present sufficient evidence to establish negligence on their parts.

Gross's argument in favor of summary judgment turned on his contention that he "had no reason to know or suspect that there was anything wrong with Stufflebean during his limited interaction with him, nor any reason to convey special instructions to the booking desk staff as he had been given no special instructions to convey." Doc. 351, p. 16. However, the Court, construing the evidence in the light most favorable to Plaintiffs, has already concluded that there is sufficient evidence for a reasonable factfinder to conclude that Gross learned of Stufflebean's unusually fragile condition in the courtroom at sentencing, yet failed in his duties as courtroom security officer by failing to communicate to his colleagues information that he learned in the courtroom about Stufflebean's unusual conditions. There is evidence sufficient to support a reasonable inference that, but for Gross's failure to communicate that Stufflebean was at risk of imminent death without his medications and without prompt access to a hospital, Stufflebean would have received the care that his condition warranted. Whether, on the evidence presented, "Gross had no reason to know or suspect that there was anything wrong with Stufflebean during his limited interaction with him, nor any reason to convey special instructions to the booking desk staff," as Gross argues, is a question of fact that only the factfinder can resolve.

Nauman's argument that there is insufficient evidence to show that he failed to carry out his duties as booking officer similarly is not persuasive. As the Court previously ruled, there is evidence sufficient to show that he was obligated to record and convey Stufflebean's medical needs and to be attentive to the questions and answer in the Medical Intake Screening form. There is evidence that, as discussed above, Nauman nonetheless did not attempt to consult Stufflebean's prior Medical Intake Screening form, which would have shown that he had been classified as

"Special Condition – Medical," and that Stufflebean needed medical attention due to his calcium deficiency." Nauman documented some of the prescription medications that Stufflebean was taking, but he did not record the "dosage, and frequency" of the medications, despite the fact that the form asks about such information. Despite the facts that Stufflebean had been hospitalized just the prior week (in addition to fifteen other in-patient hospitalizations), and his longtime treating physician had testified at his sentencing hearing that same day, the medical intake screening questionnaire indicates that Stufflebean was not under the care of a physician. Nauman also recorded that Stufflebean did not "currently" need medical attention. Had Nauman recorded that Stufflebean currently needed medical attention, as the booking officer did the first time Stufflebean was incarcerated at the Buchanan County Jail, less than a year before, Stufflebean would again have been classified as "Special Condition—Medical," and both the medical staff and jail commander would have been notified of his condition. BC SF, ¶ 24; Doc. 631 (transcript of November 18, 2019 teleconference), 7:2-8:19. A reasonable factfinder could conclude that, had Nauman recorded thorough and accurate information about Stufflebean's conditions—including the facts that he was under a doctor's care and that he had more than one life-threatening condition—Stufflebean would have received his prescription medications promptly, would have had his vital signs monitored, and would have seen the doctor the day after he was booked into the jail. Thus, notwithstanding Nauman's testimony that he asked Stufflebean all of the questions on the form and Stufflebean simply refused to provide some answers, there is sufficient evidence in the record for a reasonable factfinder to conclude that Nauman acted negligently in failing to comply with his duties as the booking officer and that Nauman was negligent and his negligence was a but-for cause of Stufflebean's injuries. Nauman thus is not entitled to summary judgment on the wrongful death claim.

6
Case 5:17-cv-06058-NKL   Document 700   Filed 05/26/20   Page 6 of 7

### d. Whether Reconsideration of the Court's Ruling on Official Immunity Is Warranted

Finally, Gross and Nauman argue that, pursuant to a recent Missouri Supreme Court decision, the Court's ruling that they are not entitled to official immunity is in error. However, *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 194 (Mo. 2019), does not warrant a different outcome. As the Missouri Supreme Court stated in that order, the "central question" in determining whether an act is ministerial is "whether there is any room whatsoever for variation in when and how a particular task can be done. If so, that task – by definition – is not ministerial." *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 194 (Mo. 2019). Gross was required to communicate information he had concerning an inmate's medical conditions, and Nauman was required to record information he received concerning an inmate's medical conditions. There was "no room whatsoever for variation in when and how" the tasks were to be completed. Recording and communicating information are quintessential ministerial tasks. As such, neither Gross nor Nauman is entitled to summary judgment on the issue of official immunity.

## III. Conclusion

For the reasons discussed above, after reconsideration, the Court DENIES the motion (Doc. 673) by Gross and Nauman to alter or amend the Court's prior order (Doc. 668) denying them summary judgment on Plaintiffs' wrongful death claims.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 26, 2020
Jefferson City, Missouri