IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRENDA DAVIS, *et al.*, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Case No. 5:17-cv-06058-NKL ) |
| BUCHANAN COUNTY MISSOURI, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Defendants ACH, Inc., Catherine M. Van Voorn, M.D., Ann Marie Slagle, L.P.N., and April Powers, L.P.N. (together, the "ACH Defendants"), move pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1 for leave to amend their answer to assert a new affirmative defense grounded in "good faith immunity." For the reasons discussed below, the motion is DENIED.

**I.     DISCUSSION**

The deadline in the Scheduling Order to amend pleadings passed more than *three years ago*, on November 1, 2018. Doc. 243, p. 2; Doc. 241, p. 2. The ACH Defendants' most recent amended complaint was filed nearly two-and-a-half years ago, on July 23, 2019. Doc. 462. Defendants—including the ACH Defendants—filed multiple dispositive motions in mid-2019, in advance of a then-scheduled trial date of August 19, 2019. *See, e.g.,* Doc. 334. Still, years after those dispositive motions were not only decided, but also, insofar as they asserted qualified immunity, appealed, and six months after the appellate decision, the ACH Defendants attempt to assert an affirmative defense based on "good faith immunity."

To support their request to be allowed to assert this new purported affirmative defense, the ACH Defendants cite two Supreme Court cases from 25 or more years ago that they say show that the "Supreme Court has not expressed a view on whether private contractors facing 42 USC § 1983 liability are entitled to assert a good faith defense." Plainly, whatever defense the ACH Defendants seek to assert at this very late stage in the litigation was available to them at the outset and could have been raised at any number of earlier junctures in this case. The ACH Defendants have proffered no explanation at all for their failure to attempt to assert the defense in a timely fashion, except to claim that they "could not assert this defense earlier as the Eighth Circuit only recently ruled on the qualified immunity issue." However, the ACH Defendants do not explain, and the Court cannot see, how the Eighth Circuit's ruling on the qualified immunity issue—which in any event was rendered on August 24, 2021, nearly six months ago—affected the ACH Defendants' ability to assert the "good faith immunity" defense.

Although the ACH Defendants move pursuant to Rule 15, "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Thus, to succeed on a motion to amend pleadings after the deadline set in the scheduling order has passed, the movant must show "good cause." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing, *inter alia*, Rule 16(b)).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Ellingsworth*, 949 F.3d at 1100 (quotation marks and citation omitted). The Court "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717. Instead, courts "focus in the first

instance (and usually solely) on the diligence of the party who sought modification of the order." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quotation marks and citation omitted).

Here, the ACH Defendants have pointed to "no change in the law, no newly discovered facts, or any other changed circumstance" that would have made the good-faith-immunity defense more viable "after the scheduling deadline for amending pleadings." *Sherman*, 532 F.3d at 718; *see also Ellingsworth*, 949 F.3d at 1100 ("Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."). Because ACH has failed to show good cause, the motion must be denied. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012) (denying motion to amend complaint made two years after deadline for amending pleadings and six months after denial of class-certification motion where plaintiff purposely waited until after denial of the class-certification motion to assert a claim for punitive damages, noting that "th[e] tactical decision is fully the [plaintiffs]' prerogative, but it hardly constitutes good cause for an extremely tardy pleading-amendment motion").

## II. CONCLUSION

For the reasons discussed above, the motion by the ACH Defendants for leave to amend their answer more than three years after the Court-ordered deadline in order to assert "good faith immunity" as an affirmative defense is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 22, 2022
Jefferson City, Missouri