IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

BRENDA DAVIS and )
FREDERICK STUFFLEBEAN, )
 )
    Plaintiffs, )
 )
vs. ) Case No. 5:17-CV-06058-CV-SJ-NKL
 )
BUCHANAN COUNTY, MISSOURI, *et al.*, )
 )
    Defendants. )

## ORDER APPROVING SETTLEMENTS AND REGARDING DISTRIBUTION OF SETTLEMENT FUNDS PURSUANT TO R.S.Mo. 537.095

NOW ON THIS 8th day of June 2022, come the Plaintiffs, in person and by and through their attorneys of record; Defendant Corizon, LLC; Defendant Karen Williams and Defendant Alice Bergman by and through their counsel of record; Defendant Michelle Munger by and through her counsel of record; Defendant Advanced Correctional Healthcare, Inc., Defendant Catherine Van Voorn, Defendant Anne Slagle, and Defendant April Helsel by and through their counsel of record; Defendants Buchanan County and Dustin Nauman by and through their counsel of record; Defendant Frederick Covillo, by and through his attorneys of record and no other appearances are noted. The Court takes up and considers the Plaintiff's Application for Wrongful Death Settlement and the Court having reviewed the pleadings, heard the evidence, considered the statements of counsel with respect to said cause of action, being fully advised in the premises, and in accordance with Mo. Rev. Stat. §§ 537.080, 537.090, does hereby,

ORDER, ADJUDGE AND DECREE:

1. Mo. Rev. Stat. § 537.095 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.

2. That the decedent, Justin Stufflebean, died on November 16, 2015, while in the custody of the Missouri Department of Corrections, all more particularly described in Plaintiffs'

First Amended Complaint. *See* Doc. No. 414.

3. That pursuant to section 537.080, RSMo., Plaintiffs are members of the class of persons that are entitled to bring this cause of action for the alleged wrongful death of the decedent, Justin Stufflebean, and they are the only persons entitled to a recovery for damages arising out this action.

4. The Plaintiffs have heretofore accepted a settlement offer from Defendants Frederick Covillo and Alice Bergman and their insurance company in the amounts as set forth in the confidential settlement agreement and general release provided to the Court *in camera* and regarding which the Court previously took evidence on May 25, 2022.

5. The Plaintiffs have heretofore accepted a settlement offer from Defendant Dustin Nauman and his insurance company in the amount of $150,000.00 as set forth in the settlement agreement and limited release provided to the Court and regarding which the Court previously took evidence on May 25, 2022.

6. The Plaintiffs have heretofore accepted a settlement offer from Defendant Buchanan County, Missouri in the amount of $10,000.00 as set forth in the settlement agreement and release provided to the Court which requires Court approval.

7. The Plaintiffs have heretofore accepted a settlement offer from Defendants Advanced Correctional Healthcare, Inc., Catherine Van Voorn, Anne Slagle and April Helsel in the amounts set forth in the confidential settlement agreement and general release provided to the Court *in camera* which requires Court approval.

8. The Plaintiffs have heretofore accepted a settlement offer from Defendants Corizon, LLC, Karen Williams and Michelle Munger in the amounts set forth in the confidential settlement agreement and general release provided to the Court *in camera* which requires Court approval.

9. The Court finds the foregoing settlements fair and reasonable under all of the circumstances; approves all of the foregoing settlements and instructs Plaintiffs' counsel to provide the executed settlement agreements to counsel for each of the defendants.

10. Under Mo. Rev. Stat. 537.095.4(2), the Court is required to order Plaintiffs to deduct and pay the attorney's fees "as contracted." The Court does not have judicial discretion to modify an attorney's fees agreement, *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. Ct. App. 1990), *abrogated on other grounds by Macke v. Patton*, 591 S.W.3d 865 (Mo. 2019), and the Court's only role is to establish that an attorney's fee agreement exists and order payment on its terms. *Lewis v. Blue Springs Sch. Dist.*, No. 4:17-CV-00538-NKL, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018) (citing *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994)). Upon review of the Confidential Affidavit of William W. Bird, and testimony of the parties, the Court finds that the proposed preliminary attorney's fees and expenses are consistent with the Plaintiffs' contracts with their respective counsel, and the preliminary apportionment amongst Plaintiffs and their counsel is hereby approved.

11. That there is a $20,047.63 Missouri Healthnet lien for which Plaintiff Brenda Davis' counsel is ordered to set aside funds in his trust account pending resolution.

12. That upon receipt of the aforesaid settlement funds Plaintiffs are hereby ordered to execute a receipt for said payments; execute a stipulation to dismiss all claims with prejudice pursuant to Fed. R. Civ. P. 41(a) and file it with the Court upon clearance of the settlement checks. Upon receipt thereof, this case will be dismissed with prejudice as to all Defendants with each party to bear their own costs and expenses. Plaintiffs are also ordered to deduct and pay the expenses and attorney's fees as contracted; to hold back $20,047.63 in The Bird Law Firm client trust account pending resolution of the Missouri Healthnet lien and to use those funds for payment

of the same; to distribute the net proceeds to Brenda Davis and Fred Stufflebean as described below; to distribute any remaining funds after satisfaction of the Missouri Healthnet lien and to file a final report and account to the Court.

13. The Court has the discretion to apportion the settlement proceeds and may award plaintiff unequal portions from the settlement funds. *Lewis*, 2018 WL 1126751, at *2 (citing *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. Ct. App. 1996)). For the reasons stated on the record during the apportionment hearing, *see* Doc. 850, the Court apportions the net settlement proceeds as follows: Brenda Davis is entitled to 90% of the net settlement proceeds, and Fred Stufflebean is entitled to 10% of the net settlement proceeds. Any funds that remain after the satisfaction of the Missouri Healthnet lien shall be apportioned in the same manner. This order shall survive the dismissal of this action and govern the distribution of settlement funds, consistent with this and any further order of the Court.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Court Judge

Dated June 8, 2022
Jefferson City, Missouri

5